754 So.2d 246 (1998)
Mark JOHNSON
v.
Richard L. STALDER, Individually and as Secretary for the Department of Public Safety & Corrections.
No. 97 CA 0584.
Court of Appeal of Louisiana, First Circuit.
December 22, 1998.
*247 Mark Johnson, Louisiana State Penitentiary, Angola, LA, Plaintiff-Appellant, in Proper Person.
Edward A. Songy, Jr., Baton Rouge, LA, Attorney for Defendants-Appellees Department of Public Safety and Corrections and Richard L. Stalder.
Before GONZALES, PARRO and GUIDRY, JJ.
PARRO, J.
This is an appeal by Mark Johnson, a prisoner in the custody of the Department of Public Safety and Corrections (DPSC), from a judgment dismissing his petition for writ of mandamus, preliminary injunction, and damages. For the following reasons, the judgment of the district court is affirmed.

Facts and Procedural History
By letter dated April 13, 1995, Johnson requested that the DPSC allow him to inspect and/or copy all public records in its custody or control relating to his conviction, namely, all documents contained in his central file at the Louisiana State Penitentiary at Angola, Louisiana. In this letter, Johnson suggested that he be granted permission to review the contents of the central file with a member of the classification department at the prison. Johnson re-urged his request by letter dated April 27, 1995. Allegedly due to the lack of response to either of his requests, on May 4, 1995, Johnson filed a petition for writ of mandamus, preliminary injunction, and damages in district court against Richard L. Stalder, individually and as secretary for the DPSC.[1] Johnson requested that Stalder be required to provide him with the requested information.
The matter was heard by a Commissioner, and a recommendation was provided to the district court. The Commissioner noted that a prisoner may be entitled to his records in the custody of law enforcement officials at such time as he has filed an appropriate post-conviction relief petition, but recognized that this case does not involve post-conviction relief. At the time of the Commissioner's hearing on his request for information, Johnson's criminal case was still on appeal. The Commissioner found that when a prisoner seeks records in the custody of law enforcement officials or other state agencies dealing with the prisoner's conviction and/or incarceration, which have been claimed to be exempt from view under LSA-R.S. 15:574.12, the prisoner may not secure access to those records unless a need was demonstrated. Furthermore, the Commissioner questioned whether the records sought by Johnson were "public records" within the meaning of LSA-R.S. 44:1 and 3. The Commissioner stated that such records may be obtained in connection with litigation or other quasi-judicial claims only at such time as a particularized need is expressed and the specific documents identified. The Commissioner determined that Johnson's request for such information was premature because it would not be needed until Johnson was scheduled for review from his current custodial assignment. Moreover, the Commissioner concluded Johnson failed to demonstrate a particularized need. Based on these findings, the Commissioner recommended dismissal of Johnson's suit.
*248 After considering the pleadings, applicable law, and Commissioner's recommendation, the district court signed a judgment, dismissing Johnson's suit. From this judgment, Johnson filed a writ application with this court. The writ application was denied on the ground that the judgment was a final, appealable judgment. Johnson v. Department of Corrections, 96-0132 (La.App. 1st Cir.2/9/96)(unpublished writ). Therefore, this appeal was taken by Johnson. On appeal, Johnson contends that under LSA-Const. art. XII, §3 and LSA-R.S. 44:1 et seq., he has an indisputable right to examine and copy public records, which can be denied only when a law specifically provides otherwise.

Discussion
The right of access to public records is a fundamental right guaranteed by LSA-Const. art. XII, §3. Elliott v. District Attorney of Baton Rouge, 94-1804 (La.App. 1st Cir.9/14/95), 664 So.2d 122, 124, writ denied, 95-2509 (La.12/15/95), 664 So.2d 440. Because this right is fundamental, access to public records may be denied only when the law specifically and unequivocally denies access. LSA-Const. art. XII, §3; State v. Mart, 96-1584 (La. App. 1st Cir.6/20/97), 697 So.2d 1055, 1059; Revere v. Reed, 95-1913 (La.App. 1st Cir.5/10/96), 675 So.2d 292, 295. Any request for a public record must be analyzed liberally in favor of free and unrestricted access to the record. Title Research Corp. v. Rausch, 450 So.2d 933, 937 (La.1984). The burden is on the party seeking to prevent disclosure to prove that withholding of a public record is justified. State v. Mart, 697 So.2d at 1059.
The purpose of the Public Records Act, LSA-R.S. 44:1 et seq., is to keep the public reasonably informed, while at the same time balancing the public's right of access against the public interest of protecting and preserving the public records from unreasonable dangers of loss or damage, or acts detrimental to the integrity of the public records. Revere v. Canulette, 97-0552 (La.App. 1st Cir.5/15/98), 715 So.2d 47, 53. This act sets forth the means by which a person may obtain access to public records. LSA-R.S. 44:1 grants to each person of the age of majority the right to inspect, copy, or reproduce, or to obtain a reproduction of, any public record, except as otherwise provided by law. State v. Mart, 697 So.2d at 1059. LSA-R.S. 44:32(A) states in part that the "custodian shall present any public record to any person of the age of majority who so requests." Thus, initially, we must determine if Johnson is a "person" within the meaning of LSA-Const. art. XII, §3 and the Public Records Act. See Harrison v. Norris, 569 So.2d 585, 589 (La.App. 2nd Cir.), writ denied, 571 So.2d 657 (La.1990).
The constitution does not define or restrict the word "person," nor did the statutory law in effect at the time of the filing of Johnson's petition. LSA-R.S. 44:31.1 of the Public Records Act, which does restrict the word person, was enacted by 1995 La. Acts No. 653, §1 and became effective on August 15, 1995.[2] In Revere v. Canulette, 715 So.2d 47, this court concluded that this new definition of person *249 applies retroactively to actions filed prior to August 15, 1995, because it is procedural in nature. Revere v. Canulette, 715 So.2d at 57. LSA-R.S. 44:31.1 excludes from the definition of person certain inmates who have exhausted appellate remedies for their felony convictions. Such an inmate's access to public records is restricted, in that the inmate's request is limited to grounds upon which the inmate may file for certain categories of post-conviction relief. State ex rel. Leonard v. State, 96-1889 (La.6/13/97), 695 So.2d 1325. Notably, the record demonstrates that Johnson had not exhausted his appellate remedies by the time of the hearing in this matter. Obviously, the information in his prison records was not being sought for the purpose of pursuing post-conviction relief. Therefore, LSA-R.S. 44:31.1 would not exclude him as an individual entitled to access to the public records, and Johnson qualified as a person under the applicable provisions of the law.
Although LSA-Const. art. XII, §3 prohibits the denial of a person's right to examine public documents, this prohibition is not absolute and unqualified. This same section allows for exceptions in cases established by law.[3]Revere v. Canulette, 715 So.2d at 53. LSA-Const. art. XII, §3 must be construed liberally in favor of free and unrestricted access to public documents, and that access can be denied only when a law, specifically and unequivocally, provides otherwise. DeSalvo v. State, 624 So.2d 897, 902 (La.1993), cert. denied, DeSalvo v. Louisiana, 510 U.S. 1117, 114 S.Ct. 1067, 127 L.Ed.2d 386 (1994). LSA-R.S. 44:3(A) is one such exception. Pursuant to this statute, DPSC is not required to disclose records held by it which are:
(1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled; or
(2) Records containing the identity of a confidential source of information or records which would tend to reveal the identity of a confidential source of information; or
(3) Records containing security procedures, investigative training information or aids, investigative techniques, investigative technical equipment or instructions on the use thereof, or internal security information; or
(4)(a) The records of the arrest of a person, other than the report of the officer or officers investigating a complaint, until a final judgment of conviction or the acceptance of a plea of guilty by a court of competent jurisdiction. However, the initial report of the officer or officers investigating a complaint, but not to apply to any follow-up or subsequent report or investigation, records of the booking of a person as provided in Louisiana Code of Criminal Procedure Article 228, records of the issuance of a summons or citation, and records of the filing of a bill of information shall be a public record.
* * * * * *
(c) Nothing herein shall be construed to require the disclosure of information which would reveal undercover or intelligence operations.
(d) Nothing herein shall be construed to require the disclosure of information which would reveal the identity of the victim of a sexual offense.
(5) Records containing the identity of an undercover police officer or records which would tend to reveal the identity of an undercover police officer; or
(6) Records concerning status offenders as defined in the Code of Juvenile Procedure.
LSA-R.S. 44:3(A). Among other limitations, this statute defers public access to certain records of certain agencies, including DPSC, until the criminal litigation[4] is *250 finally adjudicated[5] or otherwise settled.[6]Harrison, 569 So.2d at 588.
In light of Johnson's pending criminal appeal, his criminal litigation was obviously not finally adjudicated when his request for the public records was made. Rather, there is a reasonable anticipation of further litigation in this case, and DPSC is not, by virtue of the Public Records Act, compelled to turn over the entire file to Johnson. Nonetheless, the fact that the information being sought is contained in Johnson's criminal file does not, without more, render that information a record "pertaining to pending criminal litigation." The determination of whether a specific record is a record pertaining to pending criminal litigation must be made on a case-by-case basis and is subject to judicial review. Cormier v. Public Records Request of Di Giulio, 553 So.2d 806, 807 (La.1989). The public records statute requires more than a judicial acceptance of an assertion of privilege by a public official; there must be an opportunity for cross examination and presentation of evidence to contradict the claim of privilege. LSA-R.S. 44:3(C); Cormier, 553 So.2d at 807. If the party seeking the information in a civil action can demonstrate the inapplicability of the privilege, the records sought must be made available to him. Freeman v. Guaranty Broadcasting Corp., 498 So.2d 218, 223 (La.App. 1st Cir.1986).
In the absence of a transcript of the district court proceedings, we are unable to determine if the district court's determination was made following a contradictory hearing or if DPSC established that any or all of the information sought constituted information relating to ongoing criminal litigation or was otherwise privileged. No evidence was included in the record lodged with this court. Without access to the documents sought, we are unable to determine if this information constitutes public records and whether Johnson would be entitled to this information as a matter of right. Such determinations can be made only after a contradictory hearing where the parties are given an opportunity to present evidence and cross-examine witnesses. See Freeman, 498 So.2d at 225-26. Thus, it is possible that under LSA-R.S. 44:3(A), Johnson may be entitled to examine some or all of the requested records. In light of this conclusion, we must determine if Johnson's right, if any, to examine and copy the requested records may be affected by some other law.
In his pleadings, Stalder contended the documents sought by Johnson were exempt from view under LSA-R.S. 15:574.12. Relative to the confidentially of certain information, LSA-R.S. 15:574.12 of the chapter pertaining to reprieve, pardon and parole provides, in pertinent part:
A. The presentence investigation report, the pre-parole report, the clemency report, the information and data gathered by the staffs of the boards of pardons and parole, the prison record, and any other information obtained by the boards or the Department of Public Safety and Corrections, office of corrections services, in the discharge of their official duties shall be confidential and *251 shall not be subject to public inspection nor be disclosed directly or indirectly to anyone except as provided by this Section.
B. Information may be released upon request without special authorization to the board of parole, the board of pardons, the governor, the sentencing judge, a district attorney or law enforcement agency, the personnel and legal representatives of the Department of Public Safety and Corrections, office of corrections services, including student interns, appropriate governmental agencies, or officials when access to such information is imperative for discharge of the requesting agency's or official's responsibilities and the information is not reasonably available through any other means, and court officers with court orders specifying the information requested.
C. Fingerprints, photographs and information pertaining to arrests and dispositions of criminal charges may be released to criminal justice agencies without special authorization.
D. The secretary of the Department of Public Safety and Corrections or his designated representative may approve the reading of confidential information by the following:
(1) Social service agencies assisting in the treatment of the offender or ex-offender.
(2) Approved researchers who have guaranteed in writing anonymity of all subjects.
E. The secretary of the Department of Public Safety and Corrections or his designated representative may approve the selective reading of information to a private citizen or organization aiding in the rehabilitation of an offender or ex-offender or directly involved in the hiring of the offender or ex-offender under the following conditions:
(1) It appears that the withholding of the information would be to the offender's or ex-offender's disadvantage.
(2) The requested information is necessary to further the rehabilitation or the likelihood of hiring the offender or ex-offender.
(3) The requested information is not reasonably available through other means.
(4) The offender or ex-offender has given his written consent to the release of the information.
F. (1) Whenever records covered by this Section are subpoenaed, the records shall be submitted to the appropriate court for a ruling as to whether the information should be turned over to the party who caused the subpoena to be issued. The court shall make this determination in camera. Should the court find:
(a) That the information is not relevant to the proceedings, or
(b) That the information was derived from communications which were obviously made in the confidence that they would not be disclosed, or
(c) That confidentiality is essential to future useful relations between the source and the recorder of the information, the information shall be withheld.
(2) Should the court authorize disclosure of the records in accordance with the subpoena, the party who caused the subpoena to be issued shall pay a fee for the cost of production of the records in accordance with R.S. 39:241, unless the court determines that the party has been granted pauper status in accordance with law.
G. Notwithstanding the provisions of R.S. 15:574.12(A), following an application for pardon or parole, all information pertaining to an individual's misconduct while incarcerated, statistical information, information pertaining to disposition of criminal charges and incarcerations, and information of a general nature including an individual's age, physical characteristics, offense, date of conviction, length of sentence, and discharge *252 date shall be released to the general public at any time upon request.[7] (Footnote added.)

* * * * * *
Paragraph "A" of this statute specifically and unequivocally provides that the prison record of an inmate obtained by DPSC in the discharge of its official duties is confidential and shall not be subject to public inspection. This statute further prohibits the direct or indirect disclosure of this confidential information to anyone except as provided by LSA-R.S. 15:574.12. The concerned offender or ex-offender is not specifically enumerated as an excepted person or otherwise mentioned in the statute, except in paragraph "E" which pertains to the rehabilitation of an offender or ex-offender or his or her efforts to obtain employment. No evidence of record suggests that this latter provision is applicable to this case. Furthermore, since the requested records are not the subject of an issued subpoena and since Johnson has not submitted an application for pardon or parole, paragraphs "F" and "G" are also inapplicable.
Accordingly, because Johnson does not qualify as a person to whom disclosure of his prison record can be made under LSA-R.S. 15:574.12, we conclude that under the facts of this case, the district court did not abuse its discretion or err in dismissing Johnson's suit for mandamus, preliminary injunction, and damages.

Decree
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are assessed against Mark Johnson.
AFFIRMED.
NOTES
[1] Stalder allegedly denied Johnson's request and purportedly communicated to him that without a court order, he would not receive a copy of his inmate record.
[2] LSA-R.S. 44:31.1 provides:

For the purposes of this Chapter, person does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies when the request for public records is not limited to grounds upon which the individual could file for post conviction relief under Code of Criminal Procedure Article 930.3. Notwithstanding the provisions contained in R.S. 44:32, the custodian may make an inquiry of any individual who applies for a public record to determine if such individual is in custody after sentence following a felony conviction who has exhausted his appellate remedies and the custodian may make any inquiry necessary to determine if the request of any such individual in custody for a felony conviction is limited to grounds upon which such individual may file for post conviction relief under Code of Criminal Procedure Article 930.3.
[3] LSA-R.S. 44:1(A) also allows exceptions "as otherwise specifically provided by law."
[4] The term criminal litigation in LSA-R.S. 44:3(A)(1) has been construed to mean an adversarial contest begun by formal accusation and waged in judicial proceedings in the name of the State, by the district attorney, on the one hand, and against the defendant on the other. Harrison, 569 So.2d at 588-589.
[5] The law contemplates that a judgment or adjudication against a defendant in a criminal proceeding becomes final when the defendant does not appeal or seek appellate rehearing in an appeal within the delays provided or when rehearing is denied by the supreme court or the appellate court. LSA-C.Cr.P. arts. 911-913 and 921-923; Harrison, 569 So.2d at 588. In other words, criminal litigation is finally adjudicated when the conviction becomes final. Harrison, 569 So.2d at 589; see LSA-C.Cr.P. art. 922.
[6] In the context of LSA-R.S. 44:3(A)(1), instituted criminal litigation is "otherwise settled" either by dismissal or by nolle prosse of the formal accusation by the district attorney. Harrison, 569 So.2d at 589; see LSA-R.S. 44:9; LSA-C.Cr.P. art. 691.
[7] Paragraphs "G" and "I" of this statute was amended by 1997 La. Acts No. 1273, §1.