822 So.2d 743 (2002)
Joseph B. HILLIARD, Sr.
v.
Sheriff Elmer LITCHFIELD.
No. 2001 CA 1987.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
*744 Joseph B. Hilliard, Sr., Angola, Plaintiff-Appellant In Proper Person.
Megan Coogan Foco, Leu Anne Lester Greco, Baton Rouge, Counsel for Sheriff Elmer Litchfield.
Before: WHIPPLE, DOWNING, and KLINE[1], JJ.
WILLIAM F. KLINE, JR., J. Pro Tem.
Joseph B. Hilliard, Sr. filed a petition against Sheriff Elmer Litchfield seeking a writ of mandamus ordering the custodian of records for the East Baton Rouge Sheriffs Department to produce two initial reports. The sheriff filed a peremptory exception of no right of action. Upon recommendation of the Commissioner, the trial court ruled on the exception in favor of the sheriff. Hilliard appeals.

FACTS
On or about May 24, 2000, Hilliard wrote a letter from the Louisiana State Penitentiary in Angola to the East Baton Rouge Sheriffs Department Custodian of Records "requesting the cost of the initial and all other reports" to which he was entitled.
In response, on June 1, 2000, Audrey Palmer of the Nineteenth Judicial District Court Criminal Records sent a form letter to Hilliard stating in pertinent part:
Your request for records cannot be processed for the following reasons(s): (Per LRS 44:[1] et seq.)
√ Records pertaining to pending, or reasonably anticipated, criminal litigation are confidential until such litigation has been finally adjudicated or otherwise settled. Arrest records are confidential until a final judgment of conviction or a guilty plea; arrest records remain confidential where the criminal litigation is terminated by a dismissal of the charges or a not guilty verdict.
This statement was followed by the handwritten notation, "No disposition recorded."
There is no further evidence in the record; however, the pleadings indicate that Hilliard's appellate remedies were exhausted by the Louisiana Supreme Court's denial of Hilliard's application for reconsideration on June 16, 2000. State v. Hilliard, 99-1388 (La.6/16/00), 763 So.2d 615.

*745 PROCEDURAL BACKGROUND
On September 19, 2000, Hilliard filed an application for a writ of mandamus ordering the East Baton Rouge Sheriff's Department to produce only the two initial police reports. The sheriff filed a peremptory exception of no right of action.
In his recommendation for granting the peremptory exception, the Commissioner stated that the burden of establishing whether Hilliard was a "person" was solely Hilliard's under the Louisiana Public Records Law, La. R.S. 44:31.1, and that Hilliard should have included the information establishing that he was a "person" in the initial request for the records.
After considering the pleadings, the recommendation of the Commissioner, and any timely traversals, the trial court rendered judgment in favor of the sheriff and dismissed Hilliard's suit with prejudice at Hilliard's cost of $225.82.

DISCUSSION
Hilliard contends that the trial court erred in denying the writ of mandamus ordering the production of the initial report. The sheriff contends Hilliard is not entitled to the arrest records because, under La. R.S. 44:3(A)(4)(a), arrest records are not public records. The sheriff also contends that, under La. R.S. 44:31.1, Hilliard was not a "person" entitled to access public records at the time Hilliard filed his petition for writ of mandamus.
Hilliard did not request his arrest records; his letter specifically requested the initial report. Initial reports are not the same as arrest records.[2] Although arrest records are not public records, the initial report of the officer or officers investigating the complaint is statutorily defined as a public record. La. R.S. 44:3(A)(4)(a).[3]
The custodian shall present any public record to any person of the age of majority who so requests. La. R.S. 44:32(A) (emphasis added). A "person," for this purpose, does not include one (1) who is a convicted felon, and (2) who is in custody pursuant to the sentence for that felony, and (3) who has exhausted his appellate remedies, and (4) who is not limiting the grounds for his request to those items to be used to file for post conviction relief under the La.C.Cr.P. art. 930.3. La. R.S. 44:31.1. Therefore, the custodian must supply the initial reports to Hilliard if he is a "person" in accordance with the above statutes.
The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian. La. R.S. 44:31(B)(2). If the custodian wants to deny someone access to a public record, then the custodian must make those inquiries allowed for by law. The custodian shall make no inquiry of any person who applies for a public record, except an inquiry as to the age and identification of the person. La. R.S. 44:32(A). The custodian of the record may also inquire whether the party making the request is in custody following a felony *746 conviction who has exhausted his appellate remedies and whether the request of such a party is limited to grounds for post conviction relief. La. R.S. 44:31.1.
Because this right of access to public records is fundamental, access to public records may be denied only when the law specifically and unequivocally denies access. Johnson v. Stalder, 97-0584, p. 3 (La.App. 1st Cir.12/22/98), 754 So.2d 246, 248, citing La. Const. Art. XII § 3, and State v. Mart, 96-1584, p. 6 (La.App. 1st Cir.6/20/97), 697 So.2d 1055, 1059. The burden is on the party seeking to prevent disclosure to prove that withholding of a public record is justified. Johnson, 754 So.2d at 248, citing Mart, 697 So.2d at 1059. In this case, there was no evidence introduced to show that the sheriff made the inquiries necessary for denying access. Therefore, the trial court committed legal error because it improperly assigned Hilliard the burden of proof and absolved the custodian of the duty to make the necessary inquiries for denying access to a public record. See Payne v. State Farm Mutual Automobile Insurance Company, 99-2737, p. 3 (La.App. 1st Cir.12/22/00), 775 So.2d 683, 685, writ denied, XXXX-XXXX (La.3/23/01), 787 So.2d 1003.
Hilliard was a "person," under the Public Records Act, when he made his request for the initial reports in a letter dated May 24, 2000 because Hilliard's appellate remedies were not exhausted until the Louisiana Supreme Court denied his application for reconsideration on June 16, 2000.
The sheriff argues that Hilliard was not a "person" within the Public Records Act at the time Hilliard filed suit. Any request for a public record must be analyzed liberally in favor of free and unrestricted access to the record. Johnson, 754 So.2d at 248, citing Title Research Corp. v. Rausch, 450 So.2d 933, 937 (La. 1984). The determination of whether a party requesting a record is a "person," within the meaning of the Public Records Act, should be made by the date the party requested the record. See Johnson, 754 So.2d at 249-50.
Because Hilliard was a "person" at the time he made his request for the initial report and because initial reports are public records, Hilliard is entitled to a writ of mandamus ordering Sheriff Litchfield to provide Hilliard with a copy of the initial police report of the officer or officers investigating the complaint.

CONCLUSION
For the reasons stated herein, the judgment of the trial court is reversed and Sheriff Litchfield is ordered to produce the initial report of the officer or officers investigating the complaint. The cost of this appeal is to be born by appellee, Sheriff Litchfield in the amount of $1,079.01.
REVERSED AND RENDERED.
NOTES
[1] Honorable William F. Kline Jr., retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[2] To prevent confusion, the legislature outlined the required content of the initial report. The initial report shall set forth: (i) a narrative description of the alleged offense, including appropriate details thereof as determined by the law enforcement agency; (ii) the name and identification of each person charged with or arrested for the alleged offense; (iii) the time and date of the alleged offense; (iv) the location of the alleged offense; (v) the property involved; (vi) the vehicles involved; and (vii) the names of investigating officers. La. R.S. 44:3(A)(4)(b).
[3] Louisiana Revised Statutes 44:3(A)(4)(a) provides that the "initial report of the officer or officers investigating a complaint, ...shall be a public record."