Dear Judge Feucht:
This office is in receipt of your opinion request of Jan. 5, 2006 wherein you asked:
 (1) Should a juvenile suspect be named in the initial police report which is usually made available to the victim or complainant and should the fact that a juvenile has been arrested or charged with an offense be mentioned in the initial police report?
Within the strict confines of the question presented, this office is of the opinion that Louisiana law allows neither omission of the names of juvenile arrestees in nor redaction of those names from an initial police report.
Within the state public records law, Louisiana Revised Statutes Title 44, Section 3 mandates that certain elements be contained within "the report of the officer or officers investigating a complaint," including "(ii) [t]he name and identification of each person charged with or arrested for the alleged offense." LSA-R.S. 44:3(A)(4)(b). This office is aware of no law exempting the names of juvenile offenders from inclusion in initial police reports.
However, Your Honor's question, understood generally, concerns not only whether the names of juvenile offenders must be included in initial police reports, but more importantly the propriety of releasing those reports to third parties, e.g. victims or complainants. In addition, it is possible that adherence to this advisory opinion, in the manner indicated by the question, may give rise to constructive violation of the law. This opinion therefore will describe further the potential legal implications. *Page 2 
The required elements of initial police reports, as noted above, are contained within Louisiana's public records law, and such reports are specifically subject to the reporting requirements of the public records scheme described in LSA-R.S.44:1 et seq. By extension, they also are subject to the liberal construction mandated by Article XII, Section 3 of the Louisiana Constitution: "No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." See Johnson v. Stalder,754 So.2d 246, 97-0584 (La.App. 1st Cir. 12/22/1998).
From these provisions flows the rule that initial police reports are available to victims, complainants, and indeed the general public. However, as Your Honor's question implies, that general rule is complicated by privacy concerns surrounding juveniles and the extensive legal protection afforded that privacy by the Louisiana Children's Code.
The public records law itself, for example, exempts "records concerning status offenders as defined in the Code of Juvenile Procedure" from the general availability of initial police reports. LSA-R.S. 44:3(A)(5).
Although that Code was repealed in 1991, its subject matter is now contained within the Children's Code, and a "status offender" presently is understood to mean "a child member of a family adjudicated as a Family in Need of Services." Comment to La.Ch. C. Art. 782. Among the grounds justifying adjudication of a family as in need of services, Article 730 of the Children's Code lists truancy, violation of school rules, running away, and other acts specific to "ungovernable" children. Also among the grounds listed are unlawful possession of firearms and any other act by a child under 10 years of age that, if committed by an adult, would be a crime.
Although Section 3 of the public records law obviously lacks appropriate amendment to reflect the advent of the Children's Code, it seems clear that LSA-R.S. 44:3(A)(5)'s exemption of "status offenders" applies to child members of families adjudicated in need of services under Title VII of the Children's Code. To the extent that initial police reports concern such children — as is foreseeable under the firearms or other criminal acts grounds — this office is of the opinion that those reports are exempt from LSA-R.S. 44:3(A)(4)(a) and may not be made available to victims, complainants or the general public.
Answering Your Honor's question is more complicated when juvenile offenders named in initial police reports fall under Title VIII of the Children's Code on delinquency. No specific exemption for initial reports concerning juvenile delinquents is provided in the public records law, but LSA-R.S. 44:4.1, listing *Page 3 
exceptions and exemptions from public records, includes by citation numerous confidentiality provisions present in the Children's Code.
Children's Code Article 412 generally requires confidentiality of "records and reports concerning all matters or proceedings before the juvenile court, except traffic violations," and prohibits violation of confidentiality on pain of constructive contempt of court. La.Ch. C. Art. 412(J). Article 412 is broadly written and likely would end the inquiry were it clear that initial police reports concerning juveniles are "before the juvenile court."
Article 412(H), which allows release to the public of identifying information when the alleged offender is at least 14 years old and is accused of certain offenses, implies that such information may not be released outside these circumstances. And Article 412(C) allows release of "[r]ecords and reports" according to the Code's discovery provisions, which parallel those of the Code of Criminal Procedure. La.Ch. C. Art. 866. Nowhere in Children's Code Article 412 is general disclosure of initial police reports provided for victims, complainants or the public. Taken as a whole, the article militates against release of initial police reports on alleged juvenile delinquents.
Article 811.1 of the Children's Code, conferring broad rights of notification and consultation on victims of alleged delinquent acts, pushes in the opposite direction. Victims and their families are likely to learn much more about the alleged offender in the exercise of these rights than would be contained in an initial police report, and the public policy requiring confidentiality of juvenile proceedings is satisfied by La.Ch. C. Art. 811.1(F), which expressly subjects victims and their legal representatives to the requirements of Article 412. That is, victims or their counsel who divulge confidential information gained in the exercise of victims' rights are themselves in constructive contempt of court under La.Ch. C. Art. 412(J).
It seems inane to suggest that despite victims' rights to be notified of and consulted on delinquency proceedings, they should not be privy to the much more limited information in an initial police report. And Article 412's blanket exemption of all "records and reports" may not include an initial police report, which is produced before any involvement of the juvenile court. Therefore, it may not be sufficiently specific to satisfy constitutional and statutory requirements.
Based on the lack of a sufficiently specific exception to the public records law, the liberal construction of that law enshrined in the state constitution, the alternative availability of identifying information through the exercise of victims' rights, and the satisfaction of public policy by mandatory confidentiality of victims, *Page 4 
this office is of the opinion that victims of alleged delinquent acts may obtain initial police reports identifying alleged juvenile delinquents.
The above arguments do not apply to non-victim complainants,
however, and certainly not to members of the general public. It is well beyond the merely advisory authority of this opinion to draw extremely fine distinctions, but this office does not believe the argument for allowing access to initial police reports by non-victims is sufficiently strong to overcome the obvious policy of confidentiality required by the Children's Code.
Finally, it should be noted that Children's Code Art. 305
automatically divests the juvenile court of jurisdiction when children 15 years of age or older are charged with certain very serious offenses. La.Ch. C. Art. 305(A)(1). For a number of lesser but still serious charges, district attorneys may proceed against juvenile offenders either in juvenile or in district court, at their discretion. La.Ch. C. Art. 305(B)(3). When juvenile offenders are prosecuted in district court, initial police reports on their alleged offenses are almost certainly not "before the juvenile court" and not subject to La.Ch. C. Art. 412, and this office is of the opinion that such initial police reports are public records available to all.
If this office can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 CHARLES C. FOTI JR.
 Attorney General
 BY: _____________________________
 STEPHEN B. STREET
 ASSISTANT ATTORNEY GENERAL