STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 1172

ZILLOW, INC.

VERSUS

JEFFREY GARDNER, IN HIS OFFICIAL CAPACITY
AS ASSESSOR FOR THE PARISH OF EAST FELICIANA

*Judgment Rendered:* APR 0 8 2022

********

Appealed from the 20th Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana
Case No. 46558

The Honorable Kathryn E. "Betsy" Jones, Judge Presiding

********

| | |
|---|---|
| Scott L. Sternberg<br>Michael Finkelstein<br>M. Suzanne Montero<br>Graham Williams<br>New Orleans, Louisiana | Counsel for Plaintiff/Appellant<br>Zillow, Inc. |
| Brian A. Eddington<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Jeffrey Gardner, Assessor for East<br>Feliciana Parish |

********

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

McDonald, J. concurs and will assign reasons

**LANIER, J.**

In this appeal, plaintiff, Zillow, Inc., challenges the district court's May 18, 2021 judgment, which dismissed its petition for writ of mandamus and recalled the alternative writ of mandamus. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

This case involves a public records request made by Zillow to the East Feliciana Parish Assessor, Jeffrey Gardner, pursuant to La. R.S. 44:1, *et seq.* On October 27, 2020, Zillow submitted a public records request to Assessor Gardner requesting "an opportunity to obtain an electronic copy of the current (2020) Assessment File(s) for all parcels in East Feliciana Parish." Assessor Gardner responded, indicating that he had "this data in [PDF] format only" and could provide a copy to Zillow for a $2,500.00 fee. Zillow pressed the issue, requesting "the data in the same format that is sent to the State Commissioner." Assessor Gardner again replied, stating that the data his office provided to vendors is in PDF format. Zillow requested a sample of the PDF. According to Zillow, Assessor Gardner never replied to this request.

In a second public records request, counsel for Zillow requested "an electronic copy of the current (2020) Tax Roll, in its native format ... for all parcels in East Feliciana Parish." Zillow's counsel indicated that "[t]hese would be the same files Zillow has previously requested from your office and received your authorization to acquire directly from your vendor Software & Services."

In January 2021, counsel for Zillow contacted Assessor Gardner inquiring about his position with regards to Zillow's public records request. Citing La. R.S. 47:1993A(2), Zillow's counsel argued that "[r]equiring Zillow to pay an 'authorization fee' for these public records, without providing an accounting for the actual costs or even a legal basis for this fee, flies in the face of the Louisiana Public Records Law." Counsel requested that Assessor Gardner "waive the data

2

release/authorization fee and allow Zillow to purchase a workable file from [the parish's] vendor for a fee reflective of the actual cost of providing the data." According to Zillow, Assessor Gardner refused to respond to the public records request, instead directing Zillow to his counsel for all future communications. In a follow-up email to Zillow's counsel, Assessor Gardner's counsel indicated that Assessor Gardner "does not prepare his roll in A.S.C.I.I. [American Standard Code for Information Interchange] and [PDF] is the only format in which he is able to provide the requested data."

Thereafter, Zillow filed suit seeking a writ of mandamus against Assessor Gardner. Zillow argued that a PDF copy would not assist in its analysis of the public records. Rather, Zillow alleged it needed the "current data in its native format, preferably from [Assessor Gardner], or from the Assessor's vendor, who has custody of the data sought in the format requested." Zillow requested that the district court order Assessor Gardner "to produce copies of the records sought for a fee reflective of actual costs of providing an electronic copy." Zillow further requested that the district court "order the issuance of an alternative writ directing [Assessor Gardner] to perform the act demanded or to show cause to the contrary." Zillow also requested civil penalties for the arbitrary and capricious failure to produce the records, as well as attorney fees and costs.

The matter proceeded to a bench trial. Although no witnesses testified, several documents were introduced into the record without objection, including the aforementioned emails. At the conclusion of the hearing, the district court ruled in favor of Assessor Gardner, finding that this was not a dispute over the public records as neither party denied that the tax records themselves were public records. Rather, the district court noted, it was "an argument over an entity trying to force the Assessor to provide the information in a particular format that they will find more user-friendly to whatever they wish to do with it." The district court

3

concluded that Assessor Gardner was "absolutely obligated" to provide the information to Zillow in "whatever format [he] maintain[ed] in [his] office and in [his] database, whatever format [he has] in order to accurately copy and provide the information to the requestor at a reasonable cost." However, the district court concluded that under the public records law, the Assessor's office was not under any obligation to put the information into a particular format. In a judgment signed on May 18, 2021, the district court recalled the alternative writ of mandamus and dismissed Zillow's petition for writ of mandamus.

Zillow appealed, assigning the following specifications of error for our review:

1. The [district court] erred in dismissing Zillow's Petition for Writ of Mandamus.

2. The [district court] erred in holding that the assessment database Zillow requested is not a public document.

3. The [district court] erred in its interpretation of the Louisiana Public Records Law and in placing the burden of proof on Zillow.

4. The [district court] erred in giving credit to argument of counsel that the document was not in the Assessor's possession without competent evidence [thereof].

5. The [district court] erred in failing to award attorneys' fees and costs to Zillow.

## DISCUSSION

Mandamus is an extraordinary remedy to be applied where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La. Code Civ. P. art. 3862; **Salinger Group, Inc. v. City-Parish of East Baton Rouge**, 2019-0295 (La. App. 1 Cir. 7/24/20), 309 So.3d 373, 381-382. Further, a writ of mandamus directed to a public officer is proper only to compel him to perform a ministerial duty required by law. See La. Code Civ. P. art. 3863. A ministerial duty is a duty in which no element of discretion is left to the public officer. It is a simple, definite duty, arising under

4

conditions admitted or proved to exist, and imposed by law. **Hoag v. State**, 2004-0857 (La. 12/1/04), 889 So.2d 1019, 1024. An appellate court reviews a district court's judgment denying a writ of mandamus under an abuse of discretion standard. **Gulfsouth Credit, Inc. v. Wiley**, 2019-0526 (La. App. 1 Cir. 1/9/20), 294 So.3d 1096, 1097. Findings of fact in a mandamus proceeding are subject to a manifest error standard of review. **Stevens Construction & Design, L.L.C. v. St. Tammany Fire Protection District No. 1**, 2019-0955 (La. App. 1 Cir. 7/8/20), 308 So.3d 724, 731, writ denied, 2020-00990 (La. 11/4/20), 303 So.3d 652.

The right of access to public records is guaranteed by the Louisiana Constitution and the Public Records Law. La. Const. art. XII, § 3; La. R.S. 44:1, *et seq.* Any person of the age of majority may inspect, copy, or reproduce any public record or may obtain a copy or reproduction of any "public record" in accordance with the provisions of the Public Records Law, except as otherwise provided by law. See La. R.S. 44:31B. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see; to allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights. **Shane v. Parish of Jefferson**, 2014-2225 (La. 12/8/15), 209 So.3d 726, 735; **In re Matter Under Investigation**, 2007-1853 (La. 7/1/09), 15 So.3d 972, 989. As with Article XII, § 3 of the Louisiana Constitution, the Louisiana Public Records Law should be construed liberally in favor of free and unrestricted access to public documents. **Shane**, 209 So.3d at 735.

Because the right of access to public records is fundamental, access to public records may be denied only when the law specifically and unequivocally denies access. **Hilliard v. Litchfield**, 2001-1987 (La. App. 1 Cir. 6/21/02), 822 So.2d 743, 746. The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian. La. R.S. 44:31B(3);

5

**Hilliard**, 822 So.2d at 746. All exceptions, exemptions, and limitations to the laws pertaining to public records and their disclosure pursuant to the Public Records Law must be provided for in the Public Records Law or in the Louisiana Constitution. See La. R.S. 44:4.1A; **Angelo Iafrate Const., L.L.C. v. State ex rel. Dept. of Transp. and Development**, 2003-0892 (La. App. 1 Cir. 5/14/04), 879 So.2d 250, 254, writ denied, 2004-1442 (La. 9/24/04), 882 So.2d 1131.

A "public record" is defined in La. R.S. 44:1A(2)(a) as follows:

> All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.

Louisiana Revised Statutes 44:32 defines the duties of the custodian and provides, in pertinent part:

> A. The custodian shall present any public record to any person of the age of majority who so requests. The custodian shall make no inquiry of any person who applies for a public record, except an inquiry as to the age and identification of the person and may require the person to sign a register and shall not review, examine or scrutinize any copy, photograph, or memoranda in the possession of any such person; and shall extend to the person all reasonable comfort and facility for the full exercise of the right granted by this Chapter; provided that nothing herein contained shall prevent the custodian from maintaining such vigilance as is required to prevent alteration of any record while it is being examined; and provided further, that examinations of records under the authority of this Section must be conducted during regular office or working hours, unless the custodian shall authorize examination of records in other than regular office or working hours. In this event the persons designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid to them by the public body having custody of such record, out of funds provided in advance by the

person examining such record in other than regular office or working hours.

B. If any record contains material which is not a public record, the custodian may separate the nonpublic record and make the public record available for examination.

C. (1)(a) For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. The custodian may request payment of fees in advance of production. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state.

Although La. R.S. 44:32B recognizes that portions of the requested material may be nonpublic and allows the custodian the option to separate that portion from the requested material, the request for production of information "cannot be so burdensome as to interfere with the operation of the custodian's constitutional and legal duties." **Elliott v. District Attorney of Baton Rouge**, 94-1804 (La. App. 1 Cir. 9/14/95), 664 So.2d 122, 126, writ denied, 95-2509 (La. 12/15/95), 664 So.2d 440. The custodian need only produce or make available for copying, reproduction, or inspection the existing records containing the requested information, and is not required to create new documents in the format requested. **Williams Law Firm v. Board of Sup'rs of Louisiana State University**, 2003-0079 (La. App. 1 Cir. 4/2/04), 878 So.2d 557, 563 (citing **Nungesser v. Brown**, 95-3005 (La. 2/16/96), 667 So.2d 1036, 1037).[1] Any person who has been denied access to a public record may institute proceedings for the issuance of a writ of mandamus (as was done in this case), injunctive or declaratory relief, together with attorney fees, costs and damages. La. R.S. 44:35A; **Johnson v. Broussard**, 2012-1982 (La. App. 1 Cir. 6/7/13), 118 So.3d 1249, 1256.

---

[1] In **Nungesser**, the Louisiana Supreme Court reversed the appellate court's decision requiring the Commissioner of Insurance to provide data that did not exist in the specified form. The Court reasoned that the Commissioner "was not required to produce a list which did not exist and properly refused Nungesser's request." **Nungesser**, 667 So.2d at 1037.

In the instant case, although documentary evidence was introduced at the hearing without objection, there was no testimony presented. The district court, did, however, hear argument from counsel for both parties. Counsel for Zillow explained that it did not want the requested information in PDF format. Rather, Zillow wanted the entire database for use on its website. Counsel added that in 2019, Zillow was able to get the database from the Louisiana Tax Commission ("LTC") in the "text delineated format," *i.e.*, as an Excel file. However, when Zillow tried to buy the same information for 2020, the fee had been increased from $550.00 to $2,500.00 and it was in PDF format. Concerning Assessor Gardner's contention that he only has the information in PDF format, counsel for Zillow argued that Software and Services maintains the database for the East Feliciana Parish Assessor's office, in the format that Zillow needs, and transmits the information to the Louisiana Tax Commission at the end of each year. Thus, counsel for Zillow argued, Assessor Gardner would simply need to call Software and Services and authorize them to release the information to Zillow.

When asked why Zillow was no longer able to acquire information from Software and Services as they were able to successfully do in the past, counsel for Assessor Gardner indicated that there was a "great deal of ... confidential taxpayer information" included in the files and that allowing a third-party contractor to release these records raised some serious confidentiality concerns. Counsel for Assessor Gardner indicated that they could provide Zillow with a copy of the information in PDF format for a fee of $25.00, "what it cost [Assessor Gardner] to dump it on the disk." Counsel argued that as a custodian of public records, Assessor Gardner is not under any obligation to create a document in a new format, nor is he "required to have a third party do so."

In **Zillow, Inc. v. Bealer**, 2021-545 (La. App. 3 Cir. 2/2/22), ___ So.3d ___, 2022 WL 302587, the third circuit considered this very issue in a mandamus action

8

filed by Zillow against the assessor of Vernon Parish. Zillow filed suit against Assessor Michael C. Bealer, alleging that on February 20, 2020, it requested an electronic copy, in text file format, of the current 2019 Web Files and Collections file for all parcels in Vernon Parish pursuant to the Louisiana Public Records Law. Zillow asserted that it paid Assessor Bealer $1,250.00 for the public information but that the file it received "was not complete and did not include all parcels in Vernon Parish." **Bealer,** ___ So.3d at ___, 2022 WL 302587 *1. In response, Assessor Bealer indicated that Zillow never identified what information was missing and further that Zillow "demanded that Assessor Bealer 'authorize' his software service provider [Software and Services] to create 'an electronic copy of the current 2019 Web Files and Collections file for all parcels in Vernon Parish in text file format.'" *Id.* at ___, 2022 WL 302587 *1.

Assessor Bealer testified at the one-day hearing before the district court. He indicated that his office did not keep the information in the text file format as requested by Zillow. Concerning Zillow's request to acquire the information directly from Software and Services, Assessor Bealer testified that he would not authorize Software and Services to release the requested data to Zillow because "some of the information that's included in our parish tax roll is confidential information received ... on LAT forms from ... taxpayers and it is in fact confidential." *Id.* at ___, 2022 WL 302587 *6. In support of this position, Assessor Bealer relied on the provisions of La. R.S. 47:2327, which addresses the confidentiality of tax forms as follows:

> Forms filed by a taxpayer pursuant to this Part shall be confidential and shall be used by the assessor, the governing authority, the Louisiana Tax Commission, and the Louisiana Department of Revenue, solely for the purpose of administering the provisions of this Part and verifying eligibility for tax credits claimed under R.S. 47:6006. Such forms shall not be subject to the provisions of the Public Records Law, provided however, that such forms shall be admissible in evidence and subject to discovery in judicial or

administrative proceedings according to general law relating to the production and discovery of evidence.[2]

The district court dismissed Zillow's petition for writ of mandamus, finding that Assessor Bealer had complied with the Public Records Law by producing the assessment records that were in his custody; that the assessment database in its native format was maintained by a third-party and was not a public document; and that Assessor Bealer did not have in his custody "an electronic copy of the current 2019 Web Files and Collections file for all parcels in Vernon Parish in text file format[.]" *Id.* at ___, 2022 WL 302587 *3.

On appeal, the third circuit agreed with all of the district court's findings. The third circuit further agreed with Assessor Bealer's argument that La. R.S. 47:2327 provided for the confidentiality of taxpayer's reports, finding no legal support for Zillow's argument that Assessor Bealer be ordered to have his software service provider create the assessment record in a "text file format." *Id.* at ___, 2022 WL 302587 *7.

We note a few key distinctions between the facts of the **Bealer** case and the facts of the case before us now. In **Bealer**, the assessor complied with the public records request by producing the assessment records in his custody. In the current case, there have been no records exchanged between Assessor Gardner and Zillow in response to the public records request in question. Moreover, although Assessor Bealer testified at the hearing before the district court regarding Zillow's Vernon Parish public records request, the only evidence before the district court in the instant case consisted of documentary evidence introduced at the hearing without objection, including the emails between Assessor Gardner and Zillow. Based on our review of this evidence, it is clear from Assessor Gardner's responses to

_____

[2] We note that the legislature has specifically recognized La. R.S. 47:2327 as an exception to the public records law, incorporating such exception into the Public Records Act at La. R.S. 44:4.1B(32).

10

Zillow's requests that his office only has the requested information in PDF format and that his offer of a PDF copy of the information was not accepted by Zillow.[3] Zillow continued to press Assessor Gardner for an electronic copy of the 2020 tax roll in the format it desired.

Nonetheless, and in spite of these factual differences, one thing remains constant, *i.e.*, Zillow's position that each assessor should be ordered to have Software and Services create the assessment record in a text file format and produce the document to satisfy Zillow's request. Like our brethren in the third circuit, we find no legal support for Zillow's argument. Zillow's arguments to the contrary are without merit.

In the instant petition for writ of mandamus, Zillow requested a copy of the 2020 tax roll "in the same format [Assessor Gardner] provides it to the State Commissioner." Thus, while Zillow makes reference to the "format" in which the information is delivered to the Tax Commissioner, there is never a specific request for the actual document delivered to the Tax Commission by the Assessor.[4] See La. R.S. 47:1993. Rather, the initial public records request in this case was for an "electronic copy of the current (2020) Assessment File(s) for all parcels in East Feliciana Parish." The follow-up request was for the same information in its native format. Based on the unique facts and circumstances of this case and the limited evidence we have before us, we find the district court did not manifestly err in finding that Assessor Gardner only has this information in PDF format. We further

---

[3] Counsel for Zillow acknowledged during oral argument before this court that a PDF copy of the information was not what Zillow wanted because it was not helpful. Counsel also stated that Assessor Gardner had produced a document that Zillow had not requested.

[4] While we acknowledge that Assessor Gardner may have contracted with a third-party vendor to manipulate and/or convert the data in question in order to create the A.S.C.I.I. file for the Tax Commissioner, the question of whether any such record created is a public record is not before us at this time. But see **Bealer**, ___ So.3d at ___, 2022 WL 302587 *7 (finding the district court did not manifestly err in finding that Vernon Parish's "assessment database in its native format [text file format] is maintained by a third-party and not a public document").

11

find that Assessor Gardner's offer to produce the PDF copy of the information for a fee of $25.00 is reasonable and, although not accepted by Zillow, would satisfy his obligation under the Public Records Law.[5] We find no abuse of discretion in the district court's dismissal of the petition for writ of mandamus, nor manifest error in its factual findings.

## DECREE

For the above and foregoing reasons, we affirm the district court's May 18, 2021 judgment and assess all costs associated with this appeal against plaintiff/appellant, Zillow, Inc.

**AFFIRMED.**

---

[5] As the PDF copy of the information is not before us on review, we make no ruling as to whether the contents of any specific document qualify as public records under the Public Records Law.

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2021 CA 1172

ZILLOW, INC.

VERSUS

JEFFREY GARDNER, IN HIS OFFICIAL CAPACITY
AS ASSESSOR FOR THE PARISH OF EAST FELICIANA

**McDONALD, J., concurring.**

I concur with the majority opinion insofar as it affirms the district court's dismissal of Zillow's petition for writ of mandamus against Assessor Gardner. I write separately regarding three issues.

First, the majority opinion sets forth the Louisiana Code of Civil Procedure's general mandamus law. I acknowledge that this court has, as have other circuits, cited to general mandamus law in Public Records Law cases. However, the more specific law governs over the more general. *Burge v. State,* 10-2229 (La. 2/11/11), 54 So.3d 1110, 1113. Because the Public Records Law contains its own mandamus remedy, set forth in La. R.S. 44:35, I question the applicability of the general mandamus law and cases interpreting that law to public records cases such as the one before us here. Under the Public Records Law, any person who has been denied the right to obtain a copy of a record may file a mandamus suit against the custodian. *See* La. R.S. 44:35A. In that suit, the custodian has the burden to sustain his action. *See* La. R.S. 44:35B. The district court decides the matter *de novo* and has jurisdiction to issue a writ of mandamus ordering the custodian to produce any records improperly withheld from the person seeking disclosure. *Id.* Thus, it appears that the mandamus relief under the Public Records Law could be available, in some circumstances, when such would not be available under general mandamus law – *e.g.,* even when the custodian's duty to respond or to produce public records involves some element of discretion, rather than merely a ministerial duty. *See Odoms v. Cammon,* 21-0828 (La. App. 1 Cir. 3/3/22), 2022 WL 620773, *3 (citing general

mandamus law but then stating, "However, La. R.S. 44:35 authorizes the court to grant mandamus relief in all cases where a public record is improperly withheld from a person seeking disclosure."). Further, in a Public Records Law mandamus action, it is the custodian who has the burden of sustaining his action regarding production of an alleged public record, whereas, in a general mandamus action, it is the plaintiff who must prove by a preponderance of the evidence that he is entitled to a writ of mandamus. *See Bernard v. La. Testing & Inspection, Inc.,* 19-575 (La. App. 3 Cir. 2/5/20), 290 So.3d 239, 244. Finally, we are required to construe the Public Records Law (including its mandamus provisions) liberally, resolving all doubt in favor of the public's right to public documents. *Shane v. Par. of Jefferson,* 14-2225 (La. 12/8/15), 209 So.3d 726, 735. In contrast, we construe a general mandamus proceeding to be an extraordinary remedy that should be applied only where ordinary means fail to afford adequate relief. *Board of Trustees of Sheriff's Pension and Relief Fund v. City of New Orleans,* 02-0640 (La. 5/24/02), 819 So.2d 290, 292. Therefore, I respectfully note that reliance on general mandamus law and cases may not be appropriate in Public Records Law mandamus litigation.

Next, the majority opinion summarizes arguments made at the mandamus hearing by the parties' lawyers as to the specific nature of the records Zillow wanted from Assessor Gardner, his response to Zillow's inquiries, and the possibility that he could contact his software provider to provide the information Zillow wanted in the format Zillow requested. However, to avoid any contrary implication, I note that argument by counsel does not constitute evidence, and as such, has no evidentiary value. *Buelle v. Periou,* 04-2733 (La. App. 1 Cir. 12/22/05), 927 So.2d 1126, 1129.

Last, I note that the majority opinion discusses one of the Third Circuit's recent cases dealing with issues similar to those herein, *Zillow, Inc. v. Bealer,* 21-545 (La. App. 3 Cir. 2/2/22), ___ So.3d ___, 2022 WL 302587, but does not mention a second Third Circuit case dealing with the same issues between Zillow and another parish tax assessor, *i.e., Zillow, Inc. v. Matt Taylor, as Catahoula Tax Assessor,* 21-739 (La. App. 3 Cir. 3/30/22), ___ So.3d ___, 2022 WL 946615. The latter opinion appears to also support the majority's position.

2