871 So.2d 1071 (1999)
STATE ex rel. Andrea HALL
v.
STATE of Louisiana
No. 99-KH-0326.
Supreme Court of Louisiana.
September 24, 1999.
PER CURIAM.[*]
The court of appeal affirmed relator's 1990 conviction in 1992. State v. Hall, 606 So.2d 972 (La.App. 3d Cir.1992). Relator did not seek review timely in this court, and the conviction became final as to direct review. La.Code Crim. Proc. Art. 922 B; La.S.Ct.R. X, § 5(a).
Relator filed an untimely application for review in this court in 1994. This court, in accordance with State v. Jacobs, 504 So.2d 817, 818 n. 1 (La.1987), considered relator's untimely application, not as a step in direct review, but as an alternative to requiring relator to employ the redundant procedure of asserting, by post-conviction application in the lower courts, the same claims that had already been rejected there on direct review. Utilizing this judicially efficient procedure, this court denied relator's 1994 application. State ex rel. Hall v. Whitley, 93-0051 (La.11/11/94), 644 So.2d 385.
In 1996, relator filed the instant application for post-conviction relief. The district court denied the application, and the court of appeal denied certiorari. State v. Hall, 98-0625 (La.App. 3d Cir.12/18/98). This court, noting that relator failed to file the application in the district court within three years from the date his conviction became final, as required by La.Code Crim. Proc. Art. 930.8 and State ex rel. Glover v. State, 93-2330 (La.9/5/95, 660 So.2d 1189), denied the application. 99-0326 (La.7/2/99), 747 So.2d 8.
Relator then filed this application for reconsideration, arguing that he filed the 1996 application in the district court within three years of this court's denial of his 1994 application. However, relator's conviction became final in 1992, and this court's treatment of his untimely 1994 application under the Jacobs procedure did not "unfinalize" the conviction.[1] The application was properly denied as not filed within three years of finality of the conviction.
Accordingly, the application for reconsideration is denied.
VICTORY, J., not on panel.
NOTES
[*] Victory, J., not on panel. Rule IV, Part 2, § 3.
[1] Rather than requiring relator to present the same arguments again to the lower courts by post-conviction application, this court's use of the Jacobs procedure in effect treated the application as one for post-conviction relief, which the lower court presumably would have denied because they had rejected the same arguments on direct review.