|.PER CURIAM:
Writ granted. The decision of the court of appeal is reversed. Respondent’s enhanced sentence of 33 years imprisonment at hard labor as an habitual offender on count one of armed robbery is reinstated to run concurrently with an unenhanced sentence of 20 years imprisonment at hard labor on the second count.
Given the post-conviction status of respondent’s original application, filed many years after finality of his direct appeal in which he did not challenge his multiple offender adjudication and sentence, State v. Daniels, 473 So.2d 873 (La.App. 4th Cir.1985), writ denied, 478 So.2d 1233 (La.1985), respondent was not entitled to any relief based on his claim that the court erroneously enhanced both armed robbery counts when it adjudicated him an habitual offender. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. However, because the state did not seek direct review in this Court of the Fourth Circuit’s writ grant vacating respondent’s adjudications and sentences as a multiple offender and ordering the court to resentence respondent on both counts, “with ^adjudication and sentencing as a habitual offender on only one count,” State v. Daniels, 98-2867 (La.App. 4th Cir.11/13/98), — So.2d - (unpub’d), the district court properly complied with that order and re-sentenced respondent. However, the court erred in holding a second hearing at which it required the state to prove defendant’s multiple offender status on the basis of documents submitted at the initial multiple hearing conducted in 1984. The net effect of that proceeding was to grant respondent a windfall out-of-time appeal on sentencing issues he did not raise in his original direct appeal. Instead, the court of appeal’s remand order required nothing more of the court than a ministerial correction of the record to indicate which count of armed robbery served as the predicate conviction for respondent’s multiple offender adjudication, as the basis for resentencing respondent in accord with this Court’s decision in State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991).