| TOBIAS, J.,
dissenting.
I respectfully dissent.
The defendant was convicted of simple burglary and sentenced as a fourth felony offender to life imprisonment without benefit of parole, probation, or suspension of sentence. He appealed, and in an unpublished decision, this court affirmed his conviction and adjudication as a fourth felony offender, but vacated the sentence and remanded the case for resentencing.[1] State v. Abram, 00-0418 (La.App. 4 Cir. 2/28/01), 786 So.2d 984. The remand required only a “ministerial correction of the record.” See State v. Daniels, 00-3369 (La.11/2/01), 800 So.2d 770. The defendant could not contend on the remand that it was inappropriate for him to be sentenced as a fourth felony offender because that issue became final in our earlier decision.
On appeal from resentencing, the defendant raises an argument that was not raised in his original appeal, and we are, therefore, barred from considering it. La. C. Cr. P. art. 841. While the defendant cannot raise sentencing issues by way of post conviction relief, State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172, he may do so through an allegation of ineffective assistance of counsel, if appropriate.
Accordingly, I dissent and would affirm the defendant’s thirty-year sentence as a fourth felony offender.

. This court vacated his sentence because the trial court commented that the life sentence was mandated by La. R.S. 15:529.l(A)(l)(c)(ii), but actually the defendant was sentenced under La. R.S. 15:529.l(A)(l)(c)(i), which provides for a sentence of 20 years to life imprisonment.