870 So.2d 976 (2004)
STATE ex rel. BROWN
v.
STATE.
No. 2003-KH-2568.
Supreme Court of Louisiana.
March 26, 2004.
PER CURIAM.
Writ granted. This Court's rulings in State ex rel. Degreat v. State, 98-0690 (La.7/2/98), 724 So.2d 205 and State ex rel. Fleury v. State, 93-2898 (La.10/13/95, 661 So.2d 488) provide the exceptions to the rule set out in State ex rel. Simmons v. State, 93-0275 (La.12/16/94), 647 So.2d 1094, according to which lower courts must produce certain documents (including plea colloquies) free of charge as of right. Under Degreat and Fleury, this Court declines production of documents it normally provides even in the absence of a showing *977 of particularized need in cases in which the only claims the documents could support are not cognizable on collateral review or when the limitations period of La.C.Cr.P. art. 930.8 has expired and the application would not satisfy any exception to prescriptive period.
Accordingly, reviewing courts should rely on the exceptions set out by this Court when evaluating an indigent inmate's request for cost-free documents under Simmons. In the instant case, the rules of Degreat and Fleury apply and prevent relator from receiving the cost-free documents he seeks. With regard to relator's 1995 conviction, his present confinement on an habitual offender sentence based in part on that conviction satisfies the custody requirement of La.C.Cr.P. art. 924 for purposes of post-conviction relief. See State v. Smith, 96-1798, pp. 5-6 (La.10/21/97), 700 So.2d 493, 495. However, relator may no longer collaterally attack that guilty plea in the court of conviction as the first step toward setting aside his present habitual offender sentence, see State ex rel. Martin v. State, 462 So.2d 637, 638 (La.1985), because the application would be time barred as a matter of La.C.Cr.P. art. 930.8. See State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. Nor may relator collaterally attack his habitual offender sentence in the court of his current conviction on the basis of defects in that 1995 plea colloquy because claims of sentencing error are not cognizable in post-conviction proceedings. See La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172. Similarly, Fleury applies to relator's 1999 guilty plea, as to which the requested colloquy appears to have been lost in any event, because collateral attack on that conviction is now time barred as a matter of La.C.Cr.P. art. 930.8. To this extent, the judgment of the court of appeal is affirmed, because the result is correct.