hPER CURIAM.
Writ granted. Under State ex rel. Glover v. State, 93-2330, p. 21-22 (La.9/5/95), 660 So.2d 1189, 1201-02, we note sua sponte that Jones filed his application for post-conviction relief in the district court untimely in May 2003, after his conviction became final in 2000. La.C.Cr.P. art. 922; La.S.Ct.R. X, § 5(a). Jones’s untimely application for writs in this Court filed in 2000, see State ex rel. Jones v. State, 00-2089 (La.5/4/01), 791 So.2d 643, which this Court considered under State v. Jacobs, 504 So.2d 817, 818 n. 1 (La.1987), did not “unfinalize” Jones’s conviction. See State ex rel. Hall v. State, 99-0326 (La.9/24/99), 871 So.2d 1071. In addition, State v. Hampton, 00-0522 (La.3/22/02), 818 So.2d 720, does not provide an exception to the time bar because it does not set out a “theretofore unknown interpretation of constitutional law ... retroactively applicable to [Jones’s] case.... ” La.C.Cr.P. art. 930.8(A)(2). In recognizing that defense counsel as well as a trial judge, see State v. Dauzart, 99-3471 (La.10/30/00), 769 So.2d 1206, may violate a defendant’s constitutional fright to testify in his own defense by compelling him to remain silent, Hampton merely applied settled precedent existing at the time of relator’s trial and subsequent appeal. See Brown v. Artuz, 124 F.3d 73, 77-78 (2nd Cir.1997)(“[E]very circuit that has considered this question has placed the defendant’s right to testify in the ‘personal rights’ category — i.e., waiva-ble only by the defendant himself regardless of tactical considerations.... [T]he same logic which dictates that a criminal defendant may not be compelled to testify by defense counsel, also supports the conclusion that a defendant may not be compelled to remain silent by his or her attorney.”) (citations and internal quotation marks omitted). Moreover, relator did not file for post-conviction relief within one year of the finality of the decision in Hampton, as required by La.C.Cr.P. art. 930.8(A)(2). The district court is accordingly directed to issue a judgment dismissing Jones’s application for post-conviction relief as time-barred.