936 So.2d 319 (2006)
STATE of Louisiana, Respondent
v.
Khristopher OSWALD, Applicant.
No. 41,737-KH.
Court of Appeal of Louisiana, Second Circuit.
August 31, 2006.
Khristopher Oswald, pro se.
William R. Coenen, Jr., District Attorney, for Respondent.
Before STEWART, CARAWAY and MOORE, JJ.
WRIT DENIED.
Because the application filed in the district court was untimely under La. C. Cr. P. art. 930.8, the writ is denied.
The applicant pled guilty to felony Carnal Knowledge of a Juvenile (La. R.S. 14:80) on February 4, 2004 and pursuant to a plea agreement was sentenced to three years at hard labor, suspended, with three years of supervised probation. He alleges that on March 16, 2005 his probation was revoked. On June 19, 2006, more than two years after the finality of the conviction, the applicant made a claim of an illegal sentence, asserting that the plea was invalid because he was not informed by his counsel that he would be ineligible for diminution of sentence under La. R.S. 15:537, which provides in pertinent part:
§ 537. Sentencing of sexual offenders; serial sexual offenders
A. If a person is convicted of or pleads guilty to, or where adjudication has been deferred or withheld for a violation of R.S. 14:78 (incest), R.S. 14:78.1 (aggravated incest), R.S. 14:80 (felony carnal knowledge of a juvenile), R.S. 14:81 (indecent behavior with juveniles), R.S. 14:81.1 (pornography involving juveniles), R.S. 14:81.2 (molestation of a juvenile), R.S. 14:89(A)(1) (crime against nature), R.S. 14:89.1 (aggravated crime against nature), R.S. 14:93.5 (sexual battery of the infirm) or any provision of Subpart C of Part II of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, and is sentenced to imprisonment for a stated number of years or months, the person shall not be eligible for diminution of sentence for good behavior.
This claim is not an illegal sentence claim. It is a post-conviction relief claim asserting the invalidity of the guilty plea, and is subject to the time limitations of La. C. Cr. P. art. 930.8. This court can address *320 the untimeliness of an application on its own motion. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189.
There is no indication from the present filing that the applicant asserted the present claim-the invalidity of the guilty pleaduring the probation revocation proceedings, to permit him to seek review of that claim as part of the review of the probation revocation proceedings as permitted by the Louisiana Supreme Court in State ex rel. Clavelle v. State, XXXX-XXXX (La.12/12/03), 861 So.2d 186. The applicant's time delays under La. C. Cr. P. art. 930.8 have run from his original plea and sentencing (February 4, 2004 plus 30 days for appeal plus 2 years = March 5, 2006). The present application, filed in the district court on June 19, 2006 was untimely under La. C. Cr. P. art. 930.8 and was properly denied by the trial court.
The writ is denied.