982 So.2d 978 (2008)
STATE of Louisiana, Respondent
v.
Cleveland LITTLETON, Applicant.
No. 43,609-KH.
Court of Appeal of Louisiana, Second Circuit.
May 7, 2008.
*979 Cleveland Littleton, Pro Se.
Paul Carmouche, District Attorney, W.S. Lockard, Assistant District Attorney, for Respondent.
Before WILLIAMS, CARAWAY & PEATROSS, JJ.
WRIT DENIED.
The trial court correctly denied the applicant's motion to correct an illegal sentence. The applicant was convicted in 1990 of Attempted Forcible Rape, adjudicated a fourth felony offender and sentenced by a predecessor judge to 50 years at hard labor without benefit of parole. The conviction was affirmed in an unpublished opinion. State v. Littleton, 585 So.2d 1259 (La.App. 2d Cir.1991), writ denied, 590 So.2d 590 (La.1992). According to the trial court's order denying relief on the merits of the claim, in response to a previous motion to correct illegal sentence, the trial court ministerially corrected it to delete the "without parole" provision on October 18, 2007.
The applicant is claiming that his sentence resulting from the habitual offender charge was illegal because he was a third, not a fourth felony offender. The trial court addressed the claim of the illegality of the sentence on the merits, finding that the sentence imposed was within the sentencing range for the offense of conviction for a fourth felony offender, and denied the claim.
The claim made, of the illegality of the sentence because of errors in the *980 adjudication (i.e., that the predicate offenses were not susceptible for use because the offenses did not follow the "commission  conviction  commission of new offense" pattern), is not a claim of an illegal sentence, but is a post-conviction relief claim, which is subject to the time delays of La. C. Cr. P. art. 930.8. See La. C. Cr. P. art. 924 and State v. Oswald, 41,737 (La.App. 2d Cir.8/31/06), 936 So.2d 319. This court can address the untimeliness of an application on its own motion. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189.
The application does not plead any exception under La. C. Cr. P. art. 930.8. Although the sentence was modified to delete the prohibition against parole, the October 18, 2007 ministerial correction did not re-establish the applicant's right to seek post-conviction relief on his 1990 conviction.
If a sentence is illegal, then the illegality can be corrected by any court at any time under La. C. Cr. P. art. 882. The ministerial correction in this case, the removal of the illegal restriction on parole, was just such a correction. This correction did not involve the exercise of any discretion by the trial court, and thus there is no need for appeal or other review of a decision favorable to the applicant by the trial court. The applicant had no right to counsel, and even his presence in court when the correction was made was unnecessary. The same correction could have been made merely on the pleadings.
The La. Supreme Court has twice adverted to the premise that "resentencing alone does not restart the . . . time period for applying for post-conviction relief." (See State ex rel. Rushing v. Whitley, 93-2722 (La.11/13/95), 662 So.2d 464, which is cited and distinguished in a order in State ex rel. Frazier v. State, XXXX-XXXX (La.2/6/04), 868 So.2d 9). We find that the ministerial correction in this case does not rise to the level to even warrant a description as a "resentencing."
A non-discretionary and ministerial correction of a sentence under La. C. Cr. P. art. 882, to delete an illegal provision is not a resentencing, and is not accompanied by the right to be present in court, the right to counsel, the right to appeal, or the reinstatement of the two-year delay from finality of conviction after the correction. To find otherwise would eliminate the time delays contained in La. C. Cr. P. art. 930.8 in any case in which an illegal sentence has been inadvertently imposed. The trial court correctly denied the motion to correct an illegal sentence on the merits of that claim, and did not err in not considering the post-conviction relief claims related to the habitual offender adjudication itself, because we find that those claims are barred by the time limitations contained in La. C. Cr. P. art. 930.8. The writ is denied.