PER CURIAM.
Denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. In addition, relator’s sentencing claims are not cognizable on collateral review. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172; see also State v. Cotton, 09-2397 (La.10/15/10), 45 So.3d 1030. Finally, relator’s claims are repetitive. La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated at least three applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
*1001 ATTACHMENT
[[Image here]]
ORDER
This matter comes before the court on the petitioner’s ^APPLICATION FOR POST-CONVICTION RELIEF. STAMPED AS PILED OCTODER 14.2014. AND THE STATE'S OPPOSITION TO APPLICATION FOR PQ5T-COSYICTIOÑ RELIEF. STAMPED AS FILED DECEMBER 1 ■ 2014.
The pelitioner, in his second application for post-conviction relief, argues that le Is entitled to post-conviction relief and asserts the presence of newly discovered evidence sufficient to excuse him from the time limitations of LSA-C.Cr.P. art. 930,8. The stale responds with procedural objections..
The petitioner is serving a.life sentenoe Imposed Mowing his convictions in a judge trial for four counts of list degree robbery and one count of attempted 'first degree robbery and enhanced sentence as a threc-tiroc offender. By his own admission, the petitioner's sentences became final in January of 1999. He now argues that information be learned in August of 2014 establish tot lie is factually innocent of being a three-time felony offender.
In response, the state raises three procedural bars, those contained in tSA-C.Cr,F, art. 930.8, LSA-C.Cr.P. art. 930.3, and ¿SA-C.Cr,P. un. 930.4. A finding of any one of these procedural bars would preciudu further review.
Post-conviction applications must be timely. LSA-C.Cr.P. an. 930.8 contains the following mandate: ■ ■
No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed, more titan two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
U) The application alleges, and the petitioner proves or the state admits, that the facts upoii which the ehllnt is predicated Were not known to (lie petitioner or bis prior attorneys. Further, the petitioner shall prove that he exorcised diligence in attempting to discover any post-conviction claims that may exist, "Diligence1' for the purposes of this Article is a subjective inquiry that must totee into account 'the circumsumcbs of the petitioner. These circumstances shall include bufare not limited to the educational background of the petitioner, the petitioner's access to formally trained inmate counsel, the financial resources of the petitioner, the age of the petitioner, the mental abilities of the petitioner, or whether the interests of justice will be solved by the consideration of new evidence. New facts discovered pursuant to this exception shell be submitted to the court within two.yctirs of discovery.
LSA-C.Cr.P. art. 930.8(A)(1), emphasis added,
In addressing the statutory inquiry into the petitioner's abilities, the state notes tent the petitioner is 39 years old, has taken correspondence corases, has had retained counsel to his earlier post-convlctlon application, With 'these matters in mind, the court finds that the petitioner did not exercise diligence in seeking his own records. Upon *1002 rcvicW-oí all pleadings on 'fes mutter, the court .agrees with the state tbafthe petitioner's claim, is time-batted.
Post-conviction applications maybe based only for certain Iimitedlpurposes. Such applications .must challenge'the conviction and sentence for an offense. LSAtC.Cr.P. oxt. 930.3 provides as follows!.
If,the petitioners in'.custody after sentence for conviction for on offense; reliefshalt be granted onty on the following.gtounds: fl):,Tbc conviction-was obtained In violation, of the constitution of the. United States or tho state of Louisiana;
C2)Thecourt%)cceede'd'its jurisdiction;
(3) The conviction or sentence subjected him to- double jeopardy;
(4)The limitations on the institution of prosecution had expired;
(5).'The siatute-ercating-the offense for which he. was • convicted and-sentenced is unconstitutional; or
(¡5) The conviction-or senlcnce constitute the ex post facto applioatiq'n of law in violation of the constitution of the United States or the state of Louisiana. -
(7) The results 'of- DNA -testing performed .pursuant to an application-granted under ATtiels.926.-I proves by clear and convincing evidence! that the petitioner ⅛ factually innocent of the crime for which he :was 1 convicted'.
As can be seeri irbm.fte statute, post-conviction review is.strictly-limited to the enumerated-grounds, of which habitual offender adjudications-and sentencing errors do not number.
The statutory bunon.sentencing review is confirmed by case, law. In State ex rel. Malinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172, the Supreme Court of Louisiana held that there is no review of exccssiveness-in 'post-conviction proceedings,;in addition to that olear'ruItng,.in State ex rel. Brown v. State, 03-2568 (La. 3/26/04), 870 So.2d 976, tho Supreme Court confirmed that .collateral review of multiple offender-sentences is-'not .allowed because-sentencing error is not cognizable hfpost-convlction proceedings,-For. these, reasons;"the court finds that' the petitioner’s claims are batted by/application of ,LSA-C.Cr.P. art. 930,3.
' Post-conviction proceedings must not be repetitive or successive,'The.statc urges this court tó apply the procedural bar of LSA-C;Cr.P. art. 930,4;.whiolvis.as&Jlo'ws;'
A'. UnlcsB-toquircd-in-thc interest of justice, any claim for relief whichavas, fully Jitigaled in an appeal flora the'proceedings lendjngrto the judgment of conviction'and Sentence shall not be considered.
, 'B. If tire application ⅛⅛05⅞ claim of which ⅛⅞ petitioner had knowledge-.. and.inexcusably failed to raise in .the proceedings leading, to conviction. , the court shall deny relief;
.C. If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue, on appeal, the court .shall deny relief.
D.-A:sttccessive application'shall:be'disfiiisscd'.if it fails to-rata a-new or different.claim.
■E, A. successive application shall be-dismissed- if it-raises: a-new or diffcront.clahn.tbatwhs.iiiexousably omittedfrom ¿.prior application.'-P. If. the court considers dismissing an application for. failure of the petitioner to raise the. claim ⅛ the proceedings-leading'to. convicfton, failure to urge tlie cialmon-appool,,'or failure-» include the claim-in aprior application, the court shall, order the -petitioner to state reusons'.for- his failure. If the court finds that the failure was excusable, it shall consider .the merits of the cinta.
Tips slate specifically urges this court to- deny this 'application. ns successive, The petitioner, as the slots argues,1 has sought relief previously .oif his claim ' of an- invalid multiple. offender adjudication. 'The court -finds that-subsections 930.4(D) and (E) opp'fy and is unpersuaded by the reasons cited-for *1003 the procedural posture of the claim. The court finds article 930.4 -.bars consideration.
For the above reasons, (he court-finds that the petitioner's application for post-conviction-.relicf is procedurnlly barrad. Due to finding, the procedural bars apply, the court will not consider the merits and will deny relief with no further proceedings.
Accordingly,
EP'1S.ORDEW5D BY THE..COURT that the petitioner’s application for post-conviction relief be andis hereby DENIED. .
[[Image here]]