# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-325

**STATE OF LOUISIANA**

**VERSUS**

**ANDREA HALL**

**\*\*\*\*\*\*\*\*\*\***

WRIT OF CERTIORARI FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 90-1096
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Phyllis M. Keaty, and Candyce G. Perret, Judges.

**WRIT DENIED.**

**Bradley R. Burget**
**District Attorney, Concordia Parish**
**4001 Carter Street, Suite 9**
**Vidalia, LA 71373**
**(318) 336-5526**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **State of Louisiana**

**Andrea Hall**
**Camp J/Gator 3/L/14**
**La. State Penitentiary**
**Angola, LA 70712**
**IN PROPER PERSON:**
    **Andrea Hall**

**SAUNDERS, Judge.**

A history of Relator's filings pertinent to the current writ application follows:

Relator, Andrea Hall, was found guilty on June 25, 1991, of two counts of attempted second degree murder. He was adjudicated a habitual offender on July 24, 1991, and sentenced to one hundred years on each count, to be served consecutively. The convictions and sentences were affirmed on appeal. *State v. Hall,* 606 So.2d 972 (La.App. 3 Cir. 1992), *writ denied,* 93-51 (La. 11/11/94), 644 So.2d 385.

Later, one of the convictions for attempted second degree murder was vacated by the federal court on August 15, 1995, leaving the other conviction intact. On an unspecified date in 1996, Relator filed an application for post-conviction relief in the trial court. On June 21, 1996, the trial court denied Relator's application as untimely. In response to Relator's request for review, this court granted Relator's writ, finding the trial court erred in denying his application for post-conviction relief as untimely. *State v. Hall,* 96-1503 (La.App. 3 Cir. 8/19/97) (unpublished opinion). On that same date, in a separate ruling, this court also ordered the trial court to rule on Relator's November 1996 application for post-conviction relief or conduct an evidentiary hearing. *State v. Hall,* 97-949 (La.App. 3 Cir. 8/19/97) (unpublished opinion). In response to this court's orders, the trial court held an evidentiary hearing on September 19, 1997, on Relator's applications for post-conviction relief filed in June and November 1996. At the hearing, the trial court denied all of Relator's claims asserted in those applications.

At this same hearing, however, the trial court heard arguments on Relator's motion to correct an illegally lenient sentence. Relator argued his habitual offender sentence was illegal since he was not advised of his rights before

admitting to his status as a habitual offender. On that particular issue, the trial court granted Relator relief and advised the District Attorney, if he desired, to re-file the habitual offender bill and reschedule a hearing on the bill. On March 24, 1998, a habitual offender hearing was again held and Relator was adjudicated a habitual offender. On April 2, 1998, he was sentenced to one hundred years at hard labor. *See State v. Hall,* 98-625 (La.App. 3 Cir. 12/29/98) (unpublished opinion) and *State v. Hall*, 00-1153 (La.App. 3 Cir. 5/3/01) (unpublished opinion).

On April 30, 1998, Relator filed a writ with this court seeking review of the trial court's denial of claims he asserted at the September 19, 1997 evidentiary hearing. This court reviewed the merits of Relator's claims finding no error in the trial court's ruling. *Hall,* 98-625. Relator sought a writ of review by the supreme court, and on July 2, 1999, the supreme court denied the application stating: "Denied. La.C.Cr.P. art. 930.8; *State ex rel. Glover v. State,* 93-2330 (La. 9/5/95), 660 So.2d 1189." *State ex rel. Hall v. State,* 99-326 (La. 7/2/99), 747 So.2d 8. Relator applied for reconsideration, and on September 24, 1999, the supreme court denied reconsideration. *State ex rel. Hall v. State*, 99-326 (La. 9/24/99), 747 So.2d 1113. The Supreme Court explained in pertinent part: "The Court of appeal affirmed relator's 1990 conviction in 1992. *State v. Hall,* 606 So.2d 972 (La.App. 3d 1992). Relator did not seek review timely in this court, and the conviction became final as to direct review. La.Code Crim.P. art. 922B; La.S.Ct.R. X § 5(a)." In *State ex rel. Hall v. State,* 99-326 (La. 9/24/99), 871 So.2d 1071 (footnote omitted), the supreme court noted that Relator filed an untimely application in 1994 which it denied in *State ex rel. Hall v. Whitley,* 93-51 (La. 11/11/94), 644 So.2d 385. The Supreme Court stated:

> Relator then filed this application for reconsideration, arguing that he filed the 1996 application in the district court within three years of this court's denial of his 1994 application. However, Relator's

2

conviction became final in 1992, and this court's treatment of this untimely application under the *Jacobs* (*State v.* Jacobs, 504 So.2d 817, 818 n.1 (La. 1987)), procedure did not "unfinalize" the conviction. *Hall*, 871 So.2d 1071.

In the current instance, Relator filed a "Motion to Correct an Illegal Sentence" on February 2, 2017, wherein he alleged trial errors with the 1998 habitual offender adjudication and that the bill of information that resulted in his 1991 conviction for attempted second degree murder and the 1998 habitual offender bill of information which resulted in a habitual offender sentence were defective. The motion was denied on March 13, 2017, as repetitive and without merit. On January 24, 2017, Relator filed a "Motion to Clarify Sentence," wherein he claimed that because the federal court ruled that the 1998 habitual offender sentence was not a valid sentence, he does not know whether he is serving the 1991 sentence or the 1998 sentence. The trial court denied the motion as being without merit. On March 2, 2017, Relator filed a "Supplemental Motion to Correct an Illegal Sentence Imposed under La.R.S. 15:529.1 the Habitual Offender Law," wherein he asserted that the bill of information which resulted in the conviction for attempted second degree murder was defective and that after the federal district court acquitted him of one of the convictions, the federal court judge failed to remand to the district court for reconsideration of the remaining sentence; therefore, he did not have the opportunity to present mitigating factors to reduce the sentence. Finally, he asserted that the sentence was constitutionally excessive. The trial court denied the supplemental motion on March 13, 2017, as repetitive and without merit.

Relator now seeks review of the trial court's rulings. However, we find that there was no error with the trial court's rulings.

## ANALYSIS:

*February 2, 2017, "Motion to Correct an Illegal Sentence"*:

In his motion to correct an illegal sentence, Relator asserted that the trial court failed to advise him of his right to remain silent during the habitual offender hearing and that the bill of information that resulted in the 1991 conviction for attempted second degree murder and the 1998 habitual offender bill of information were defective.

However, we find the claims are not illegal sentence claims. In *State v. Moore*, 93-1632, p. 3 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, 563, *writ denied*, 94-1455 (La. 3/30/95), 651 So.2d 858, this court stated: "An illegal sentence is one not 'authorized or directed by law.' *State v. Johnson*, 220 La. 64, 55 So.2d 782 (1951)." When a relator's motion to correct an illegal sentence fails to allege and prove that the sentence is not authorized or directed by law, the asserted claims are often reviewed as if submitted by application for post-conviction relief. *State v. Parker*, 98-256, p. 1 (La. 5/8/98), 711 So.2d 694, 695. However, in *State v. Hebreard*, 98-385, p. 2 (La.App. 4 Cir. 3/25/98), 708 So.2d 1291, 1292, the court announced that a challenge to a habitual offender proceeding is not a proper ground for post-conviction relief, citing *State ex rel. Melinie v. State,* 93-1380 (La. 1/12/96), 665 So.2d 1172 and La.Code Crim.P. art. 930.3. *See, e.g., State v. Daniels*, 00-3369, p. 2 (La. 11/2/01), 800 So.2d 770, 771, and *State ex rel. Brown v. State*, 03-2568, p. 2 (La. 3/26/04), 870 So.2d 976, 977. Thus, we find Relator's habitual offender claims are precluded from review on post-conviction relief.

Furthermore, the challenge to the habitual offender proceeding is repetitive. *See State v. Hall*, 00-1153 (La.App. 3 Cir. 5/3/01) (unpublished opinion). As noted above, Relator's conviction and sentence became final in 1992. Although Relator

4

was resentenced in April 1998, "[r]esentencing alone does not restart the three-year time period for applying for post-conviction relief." *State ex rel. Rushing v. Whitley*, 93-2722, p.1 (La. 11/13/95), 662 So.2d 464, 464. Relator failed to allege or prove any exceptions to the time limitation of La.Code Crim.P. art. 930.8; thus, Relator's motion was untimely filed. The untimeliness of an application may be recognized for the first time by an appellate court. *See State ex rel. Glover v. State*, 93-2330, 94-2101, 94-2197 (La. 9/5/95), 660 So.2d 1189.

*January 24, 2017, "Motion to Clarify Sentence"*:

As noted above, in 1995, the federal court acquitted Relator of one of the attempted second degree convictions and vacated the 1991 sentence of one hundred years imprisonment that was imposed after Relator was adjudicated a second felony offender. *See* La.R.S. 14:27, 14:30.1, and 15:529.1. In 1998, Relator was again adjudicated a second felony offender pursuant to La.R.S. 15:529.1 and "resentenced" to one hundred years imprisonment on the remaining conviction for attempted second degree murder. In his motion to clarify sentence, Relator stated:

> Based upon the Federal District Court findings, petitioner's 1998 re-sentencing is of no effect, and that those findings were based upon decisions from the Louisiana Supreme Court and Third Circuit Court of Appeal. (See Exhibit "B," Court of Appeal's Judgment)

> However, it seems that this Court recognizes the 1998 re-sentencing as the prison term petitioner is currently incarcerated under. The conflicted findings of the Courts have left the petitioner perplexed as to whether he is currently incarcerated under the 1991 sentencing or the 1998 re-sentencing.

> Being perplexed as to whether he is currently incarcerated under the 1991 sentencing or the 1998 re-sentencing hindered petitioner's ability to challenge the legality of his prison sentence by way of a motion to correct an illegal sentence. And, therefore, denies petitioner due process of law as guarantee under the U.S. Constitutions.

5

However, we note that Relator's assertion that the federal court's statement that the 1998 habitual offender sentence had "no effect" was in response to Relator's argument to the federal court that this court and the Louisiana Supreme Court misapplied the time limitation to his motion to correct an illegal sentence (which was considered as a post-conviction application) pursuant to La.Code Crim.P. art. 930.8. *See State v. Hall*, 00-1153 (La.App. 3 Cir. 5/3/01) (unpublished opinion), *writ denied,* 01-1786 (La. 3/8/02), 810 So.2d 1162. The federal court noted:

> His application for writs in the Third Circuit likewise attacked the legality of those 1997-1998 proceedings. The Third Circuit determined that petitioner's Motion to Correct an Illegal Sentence since it did not raise claims cognizable in such a motion, was properly treated as an application for post-conviction relief. That court's determination thereafter that the claims were untimely is supported by the record before this court and State and federal jurisprudence.
>
> In arriving at their conclusion that petitioner's post-conviction pleading were time barred, the Third Circuit opined that according to the Louisiana Supreme Court, petitioner's ". . .conviction became final in 1992. . ." and therefore ". . .the claims asserted by Relator at the evidentiary hearing held on September 19, 1997 were untimely filed. . ." Since those claims were filed more than three years after the petitioner's conviction and sentence became final in 1992 they were clearly time barred by the provisions of art. 930.8. Further, in citing *State ex rel.Glover v. State,* 93-2330 (La. 9/5/95), 660 So.2d 1189, the Third Circuit correctly applied that provision of the cited case which holds that ". . .the fact that the trial court reached the merits in an untimely filed application for post[-]conviction relief, when the application did not fit within one of the exceptions to Art. 930.8(A), did not preclude the court of appeal from raising Art. 930.8's time bar." *Glover,* at p. 1201. Therefore, the district court proceedings attacked herein, i.e. the 1997 evidentiary hearing, the 1998 habitual offender adjudication and the sentencing thereafter, were of no effect and did not operate to "restart" petitioner's post-conviction time limitation. This conclusion of law is supported by Louisiana Supreme Court jurisprudence [Compare *State v. Daniels*, 2000-3369 (La. 11/2/2001), 800 So.2d 770.]

We find it is clear from the above language that the sentence Relator is now serving is the habitual offender sentence imposed in 1998, but the resentencing did not restart the time limitation for the purpose of La.Code Crim.P. art. 930.8. *See*

*State v. Littleton,* 43,609 (La.App. 2 Cir. 5/7/08), 982 So.2d 978, *writ denied,* 08-1408 (La. 3/27/09), 5 So.3d 135. As noted above, the 1992 habitual offender adjudication was vacated in 1998, which served to vacate the sentence, and Relator was resentenced to one hundred years as a second time habitual offender. There was no conflict between the rulings of this court, the Supreme Court, and the federal court. We find there is no merit to this claim.

*March 2, 2017, "Supplemental Motion to Correct an Illegal Sentence Imposed under La.R.S. 15:529.1 the Habitual Offender Law."*

In his supplemental motion to correct an illegal sentence, Relator argued that after the federal court acquitted him of one of the convictions, it failed to remand the matter to the trial court for reconsideration of the remaining sentence. Accordingly, he was not afforded the opportunity to present mitigating factors in support of a reduction of the sentence. He further argued that the sentence was constitutionally excessive in that it was cruel and unusual punishment considering the circumstances of his case. Finally, he argued that the 1990 bill of information was defective in that it described as an element of the offense the specific intent to inflict serious bodily harm, whereas attempted second degree murder requires proof of specific intent to kill rather than inflict bodily harm.

As noted above, an illegal sentence is a sentence that was not authorized by law. While a claim of an illegal sentence may be heard at any time, Relator's sentence was a sentence that was authorized by law. At the time of the offense, second degree murder was punishable by life imprisonment, at hard labor, without the benefit of parole, probation, or suspension of sentence. La.R.S. 14:30.1. The attempt statute provided that "If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years." La.R.S. 14:27 (D)(1). Relator was adjudicated a second felony offender.

7

Pursuant to the Habitual Offender Law, in pertinent part, as it existed at the time of the offense:

> If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.

La.R.S. 15:529.1(A)(1).

Relator's sentence was a legally imposed sentence. Accordingly, his claims are in the nature of an application for post-conviction relief and, thus, are untimely filed, and Relator has not provided an exception to the time limitation. La.Code Crim.P. art. 930.8. Furthermore, the excessiveness of the sentence was addressed on appeal, and the sentence was not found to be excessive. *See Hall,* 606 So.2d 972. As for the defective bill of information, Relator attached a copy of the bill, and it does not state that specific intent to inflict serious bodily harm was an element of the offense of attempted second degree murder. However, on appeal, it was revealed that when the trial court instructed the jury as to elements of the crime, it listed as an element of attempted second degree murder specific intent to kill or inflict serious bodily harm. This court found the error harmless in the case. *Id.* Accordingly, the claims were untimely filed and repetitive.

In each motion discussed above, we find no error in the trial court's rulings.

**DISPOSITION:**

**WRIT DENIED:** In Relator's February 2, 2017, "Motion to Correct an Illegal Sentence," Relator's claim that the trial court failed to advise him of his right to remain silent at the habitual offender's hearing was addressed by the trial court on September 19, 1997. The trial court's ruling was affirmed in *State v. Hall*, 98-625 (La.App. 3 Cir. 12/29/98) (unpublished opinion). Accordingly, this claim was repetitive. The remaining claim that the 1991 and 1998 bills of information were

8

defective was not a claim cognizable as an illegal sentence claim. The claim was in the nature of an application for post-conviction relief and thus untimely filed, and Relator did not provide an exception to time limitation for filing for post-conviction relief. La.Code Crim.P. art. 930.8.

In Relator's January 24, 2017, "Motion to Clarify Sentence," Relator alleged the federal court decreed the 1998 habitual offender sentence was of "no effect." The federal court was referring to Louisiana's jurisprudence that a "resentencing" did not restart the time limitation for the purpose of La.Code Crim.P. art. 930.8, not the actual sentence imposed in 1998. *See State v. Littleton*, 982 So.2d 978, *writ denied*, 08-1408 (La. 3/27/09), 5 So.3d 135.

In Relator's March 2, 2017, "Supplemental Motion to Correct an Illegal Sentence Imposed under La.R.S. 15:529.1 the Habitual Offender Law," which claimed the federal court failed to remand for reconsideration of one of the 1991 sentences and that the 1991 bill of information was defective, Relator failed to allege and prove that the sentence was not authorized or directed by law and thus an illegal sentence. Accordingly, Relator's claim of illegal sentence was in the nature of an application for post-conviction relief and thus, untimely filed, and Relator did not provide an exception to time limitation for filing for post-conviction relief. La.Code Crim.P. art. 930.8. Furthermore, the excessiveness of the sentence was litigated on appeal and thus, is repetitive. *See State v. Hall*, 606 So.2d 972 (La.App. 3 Cir. 1992), *writ denied*, 93-51 (La. 11/11/94), 644 So.2d 385.

There was no error with the trial court's denial of Relator's February 2, 2017, "Motion to Correct an Illegal Sentence," the January 24, 2017, "Motion to Clarify Sentence," and the March 2, 2017, "Supplemental Motion to Correct an

Illegal Sentence Imposed under La.R.S. 15:529.1 the Habitual Offender Law."

Accordingly, Relator's writ application is denied.