STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


24-3



ALCIDE HYPOLITE

VERSUS

LAFAYETTE CLERK OF COURT OFFICE AND
ATTORNEY CEARLEY W. FONTENOT, ET AL.



**********



APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2023-2261
HONORABLE MICHELE S. BILLEAUD, DISTRICT JUDGE



**********



**ELIZABETH A. PICKETT**
**CHIEF JUDGE**



**********



Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Jonathan W. Perry, Judges.



                                                            **AFFIRMED.**



**Alcide Hypolite**
**Eagle-1**
**Louisiana State Prison**
**Angola, LA 70712**
**COUNSEL FOR PLAINTIFF- APPELLANT:**
        **Alcide Hypolite**

**Cearley W. Fontenot**
**Paige Casselman Beyt**
**Oats & Marino**
**A Partnership of Professional Corporations**
**100 East Vermilion Street, Suite 400**
**Lafayette, LA 70501**
**(337) 233-1100**
**COUNSEL FOR DEFENDANT- APPELLEE:**
    **Cearley W. Fontenot**
    **Louis J. Perret in his capacity as Lafayette Clerk of Court**

**PICKETT, Chief Judge.**

The appellant appeals the denial of his request for the issuance of a writ of mandamus ordering the Clerk of Court for the Fifteenth Judicial District Court to produce records regarding his criminal prosecution, pursuant to the Public Records Law, La.R.S. 44:1–67.2. We affirm the trial court's judgment.

## FACTS

Alcide Hypolite was tried and convicted of aggravated rape and sentenced to mandatory life imprisonment without the benefit of probation, parole, or suspension of sentence. His conviction and sentence were affirmed in *State v. Hypolite*, 13-1365 (La.App. 3 Cir. 5/14/14), 139 So.3d 687, *writ denied,* 14-1242 (La. 1/23/15), 159 So.3d 1056. Mr. Hypolite filed an application for post-conviction relief, which the trial court denied on February 29, 2016. On July 10, 2017, this court denied his February 21, 2017 request for review of that denial, finding it was untimely. *State v. Hypolite*, 17-361 (La.App. 3 Cir. 7/12/17) (unpublished writ denial). Pursuant to his subsequent writ application, the supreme court held that Mr. Hypolite's "claims [for post-conviction relief] have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review." *State v. Hypolite*, 17-1393, p. 1 (La. 10/8/18), 253 So.3d 1277.

On March 28, 2023, Mr. Hypolite made a public records request to the Clerk of Court for the Fifteenth Judicial District Court (Clerk) pursuant to the Public Records Law, La.R.S. 44:1-67.2. He requested a copy of minutes or documentation showing a "True Bill of Indictment was found by no less than nine members of the Grand Jury" and "a copy of the grand jurors who voted and the returned [sic] of the indictment into open court." Counsel for the Clerk answered Mr. Hypolite's

request, stating that he was not required to respond to the request, as provided in La.R.S. 44:31.1, and would not provide the requested documents.

On May 1, 2023, Mr. Hypolite filed a petition for writ of mandamus to require the Clerk to produce the requested documents. The Clerk responded to the request by producing a "Copy of the minutes or documents reflecting a True Bill of Indictment was found by no less than nine members of the Grand Jury" and asked Mr. Hypolite to dismiss his petition for writ of mandamus. Mr. Hypolite did not dismiss his petition, and a hearing was held on July 5, 2023. Mr. Hypolite attended the hearing and complained that the Clerk did not send him the "grand jury indictment" as requested. The trial court reviewed the evidence presented by the Clerk and determined Mr. Hypolite's request was moot because the Clerk provided him the documents he requested but denied the writ application because the Clerk "was not wrong in denying his request originally," citing La.R.S. art. 44:31.1

Mr. Hypolite appealed the trial court's judgment, assigning three errors with the trial court's findings and ruling: (1) the trial judge erred in denying his petition for writ of mandamus because the Clerk did not provide him with a public record of the grand jury vote count for his indictment; (2) the Clerk erred in not recording the vote count of the grand jury on any charged indictments in the Parish of Lafayette and violated his rights to due process and equal protection of the law; and (3) the Clerk deprived him of his right to a public record and violated his rights to due process and equal protection of the law.

## DISCUSSION

As a general rule, "The right of access to public records is a fundamental right guaranteed by LSA-Const. art. XII, § 3." *Johnson v. Stalder*, 97-584, p. 3 (La.App. 1 Cir. 12/22/98), 754 So.2d 246, 248. This right is limited, however, by

2

any statutory provision that "specifically and unequivocally denies access" to such records. *Id.* Custodians of public records are responsible for "[p]roviding access to public records." La.R.S. 44:31(A). Pursuant to La.R.S. 44:31.1, an inmate in custody on a felony conviction can only obtain public records if "he has exhausted his appellate remedies" and he limits his request "to grounds upon which [he] could file for post[-]conviction relief." *See also Pierre v. E. Baton Rouge Par. Clerk of Court*, 17-688 (La.App. 1 Cir. 11/1/17), 233 So.3d 92, *writ denied,* 18-78 (La. 1/14/19), 260 So.3d 1216.

In *State ex rel. Simmons v. State*, 93-275 (La. 12/16/94), 647 So.2d 1094, the supreme court identified the specific documents indigent inmates are entitled to receive free of cost. The grand jury indictment is one such document. *Id.* The supreme court affirmed the limited exceptions to this rule in *State ex rel. Brown v. State*, 03-2568, p. 1 (La. 3/26/04), 870 So.2d 976, 976-77, stating:

> [T]his Court declines production of documents it normally provides even in the absence of a showing of particularized need in cases in which the only claims the documents could support are not cognizable on collateral review or when the limitations period of La.C.Cr.P. art. 930.8 has expired and the application would not satisfy any exception to [the] prescriptive period.

Pursuant to La.Code Crim.P. art. 930.8(A), a convicted inmate must file an application for post-conviction relief within two years of his conviction and sentence becoming final, unless he shows one of six exceptions set forth therein apply to his application.

In his assignments of error, Mr. Hypolite asserts that the trial court erred in not requiring the Clerk to produce documents showing nine of the eleven grand jurors on the grand jury panel specifically voted to indict him. The Clerk acknowledges that under La.R.S. 44:31(B)(2) "any person may obtain a copy or reproduction of any public record." Nevertheless, he asserts that Mr. Hypolite is

3

not "any person" because La.R.S. 44:31.1's definition of "person" "does not include an individual in custody after sentence following a felony conviction who has exhausted his appellate remedies," unless the public records request is "limited to grounds upon which the individual could file for post[-]conviction relief under Code of Criminal Procedure Article 930.3." La.R.S. 44:31.1. Mr. Hypolite does not identify any of the six grounds identified in La.Code Crim.P. art. 930.3 as applying to his conviction and/or sentence.

In *Eurystthee v. State*, 19-1799, p. 2 (La. 7/31/20), 300 So.3d 390, the supreme court denied a writ application in a similar situation, holding "Applicant's complaint about the indictment fails because the time for testing the sufficiency of an indictment or bill of information is before trial, by way of a motion to quash or a motion for a bill of particulars." The supreme court further observed, "post-verdict attacks on indictment generally fail unless the indictment did not provide fair notice of the offense charged or failed to set forth any identifiable offense." *Id.* Using essentially the identical verbiage it used in *Hypolite*, 253 So.3d 1277, the supreme court determined the "Applicant has now fully litigated his application for post-conviction relief in state court."

As explained above, Mr. Hypolite has exhausted his appellate remedies and can only file for post-conviction relief if he identifies a ground for post-conviction relief provided by La.Code Crim.P. art. 930.3, which he has failed to do. Therefore, the Clerk established that Mr. Hypolite is not entitled to a copy of the documents he now seeks.

Mr. Hypolite cites *State v. Jones*, 50,270 (La.App. 2 Cir. 2/10/16), 188 So.3d 268, *writ denied*, 16-858 (La. 5/1/17), 220 So.3d 742, in support of his argument that the trial court erred in dismissing his request because the copy of the grand jury indictment the Clerk provided him did not show nine of the grand jurors voted

to indict him. *Jones* was an appeal of a conviction for aggravated rape, whereas this is a public records request filed more than eight years after Mr. Hypolite's conviction and sentence were affirmed on appeal. *See Hypolite*, 139 So.3d 687. Additionally, the court determined that the bill of indictment satisfied all applicable requirements because it was signed by the foreman of the grand jury and stamped by the deputy clerk on the same date.

The Clerk presented the same evidence to Mr. Hypolite by mail and at the hearing: (1) the minutes of the grand jury special session held February 2, 2012, showing that the grand jury returned six true bills which included one for Mr. Hypolite for aggravated rape on February 2, 2009; and (2) a true bill of indictment signed February 2, 2012, by the grand jury foreman. Therefore, this argument lacks merit.

Mr. Hypolite also cites *State v. Mack*, 43,206 (La.App. 2 Cir. 4/23/08), 981 So.2d 185, *writ denied sub nom. State ex rel. Mack v. State*, 08-1222 (La. 2/20/09), 1 So.3d 491, in support of his argument that the trial court erred in not ordering the Clerk to produce documents establishing at least nine grand jurors voted to indict him for aggravated rape. In *Mack*, the court held that the defendant waived his right to quash his indictment because he did not seek to quash the indictment until after the verdict was rendered against him and his alleged grounds for quashing the indictment were not set forth in La.Code Crim.P. art. 535(A) or (B), which govern the time within which a motion to quash must be filed. This argument also lacks merit.

Lastly, Mr. Hypolite asserts that the Clerk violated the due process clause of the Fifth Amendment and the equal protection clause of the Fourteenth Amendment of the U.S. Constitution. The U.S. Supreme Court rejected a similar argument in *United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086 (1976),

where it considered whether the due process clause or the equal protection clause require a state to provide an indigent defendant with a free transcript during the appellate process. The Court determined that states can limit the free documents they provide to indigent defendants, finding:

> "(T)he fact that a particular service might be of benefit to an indigent defendant does not mean that the service is constitutionally required. The duty of the State under our cases is not to duplicate the legal arsenal that may be privately retained by a criminal defendant in a continuing effort to reverse his conviction, but only to assure the indigent defendant an adequate opportunity to present his claims fairly in the context of the State's appellate process." *Ross v. Moffitt*, 417 U.S., 600, 616, 94 S.Ct. 2437, 2447 (1974).

*MacCollom*, 426 U.S. at 328, 96 S.Ct. at 2093. *See also*, *State ex rel. Bernard v. Criminal District Court Section J.*, 94-2247 (La. 4/28/95), 653 So.2d 1174.

Mr. Hypolite is in state custody following a felony conviction, which was affirmed more than eight years before he sought the records at issue. He has exhausted his right to post-conviction relief under La.Code Crim.P. art. 930.3. *Hypolite*, 253 So.3d 1277. As a result, he is no longer entitled to receive documents from the Clerk unless he has a particularized need for the documents, which he has not established. *Brown*, 870 So.2d 976. For these reasons, we find the trial court did not err in holding that the Clerk established that he is not required to provide Mr. Hypolite copies of the specific public documents he requested. We also find Mr. Hypolite has not established the Clerk's actions denied him his constitutional rights to due process or equal protection.

## DISPOSITION

For the reasons discussed, we affirm the trial court's judgment denying Alcide Hypolite's petition for a writ of mandamus ordering the Clerk of Court for the Fifteenth Judicial District Court to produce the grand jury indictment indicting

6

him for aggravated rape and records showing the vote of the grand jurors on the indictment. All costs are assessed to Alcide Hypolite.

**AFFIRMED.**